SEWELL MOTOR EXPRESS, INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Sewell Motor Express, Inc., v. Pub. Util. Comm. (1976), 45 Ohio St. 2d 98.]

(No. 75-419—Decided February 11, 1976.)

Mr. *Joe F. Asher*, for appellant.

Mr. *William J. Brown*, attorney general, Mr. *Charles S. Rawlings* and Mr. *Robert T. Maison*, for appellee Public Utilities Commission.

Messrs. *Sanborn, Brandan & Duvall*, Mr. *James Duvall*, Mr. *Richard H. Brandon* and Mr. *James R. Berendsen*, for appellee Edgar W. Long, Inc.

*Per Curiam.* The sole issue is whether the issuance of irregular route certificates of public convenience and necessity to the aforementioned applicants was unreasonable or unlawful. Or, stated another way, did the evidence support such public convenience and necessity notwithstanding the commission's finding that the applications should have proceeded on an unprotested basis.

The essence of appellant's opposition to the issuance of these certificates is that the evidence supporting their issuance was so speculative and conjectural as to fall within the scope of *Mohawk Motor* v. *Pub. Util. Comm.* (1953), 159 Ohio St. 77.

As in *Mohawk*, the primary evidence supporting issuance of an irregular route certificate related to servicing of

a manufacturing plant which was under construction but not yet operative. There are, however, significant differences in the record herein presented with respect to the need, character of trucking services to be required, and adequacy of facilities of present certificated carriers, so as to distinguish the controlling facts herein from those in *Mohawk*.

First, *Mohawk* does not preclude consideration of need where there is an absence of present existing requirements. Here, the record reflects the detail of volume and kind of products reasonably expected to be transported from and to the new plant facility. Moreover, as contrasted with *Mohawk*, there is evidence here that the substantial needs of that new plant relate to services of the character afforded by irregular route certificates, which certificates are sought by applicants and which services are not afforded by appellant. Unlike *Mohawk*, the record herein supports the issuance of irregular route certificates based upon reasonably anticipated need.

For the foregoing reasons, the decision of the Public Utilities Commission being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.