COMMERCIAL MOTOR FREIGHT, INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Commercial Motor Freight v. Pub. Util. Comm. (1976), 46 Ohio St. 2d 195.]

(No. 75-1004—Decided May 12, 1976.)

196

*Mr. R. L. Ratchford, Messrs. Vorys, Sater, Seymour & Pease, Mr. Sheldon A. Taft* and *Mr. Charles S. DeRousie,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Marvin I. Resnik,* for appellee.

*Per Curiam.* The order of the commission in question in this appeal is identical in import to the order of the commission affirmed by this court this day in *Duff Truck Line* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 186.

On authority of that case, the commission was correct in finding the appellant to be in violation of R. C. 4921.07, 4921.10, and 4921.14. In this case, the commission issued a cease and desist order, as in *Duff,* and imposed the further penalty of a 30-day suspension of the appellant's irregular route certificates. The appellant holds 19 irregular and 9 regular route certificates.

The appellant set out as one ground for rehearing and appeal that "[t]he order is unreasonable and unlawful because the discipline imposed on CMF is excessive and unreasonable and is, thus, an abuse of discretion by the commission."

This court has held that the commission has authority under R. C. 4921.10 to suspend motor transportation certificates for good cause. In *Dworkin* v. *Pub. Util. Comm.* (1953), 159 Ohio St. 174, 111 N. E. 2d 389, the court upheld an order suspending operations under a certificate for 30 days, based upon violations of state tax and licensing laws,

load limit regulations, and administrative orders. Paragraphs two and three of the syllabus provide:

"The authority to revoke, alter or amend includes the lesser authority to suspend operations under a certificate.

"Such action by the commission for 'good cause' may be based on a violation of a statute or a valid rule or order of the commission."

In *Ohio Transport* v. *Pub. Util. Comm.* (1955), 164 Ohio St. 98, 128 N. E. 2d 22, the court affirmed an order of the commission revoking a contract carrier permit because of numerous violations of load limit laws. The court stated in paragraph three of the syllabus that:

"The determination of the character and degree of the administrative action to be invoked against a carrier is the duty of the Public Utilities Commission, and such determination by the commission will not be disturbed by this court unless it is unreasonable or unlawful."

In those cases, the carriers were found to be in knowing violation of explicit statutes and rules. The instant case presents a very different situation. Here, the appellant claimed that it was legally entitled to "tack" its irregular and regular route certificates. The commission concedes that there is no statute, rule, or regulation which prohibits the practice of "tacking," and at the time this action was commenced, the issue was in litigation before the commission in the *Duff* case, upon a complaint filed by the appellant.

Under these circumstances, though the court affirms the commission's finding of a violation, the majority of the court cannot agree that the suspension of appellant's irregular route authorization was reasonable as a penalty for that violation. Appellant has presented a colorable legal argument that tacking is permissible, an argument which the court agrees has been urged with more vigor than persuasion. Federal decisions do permit "tacking" of regular and irregular interstate routes, though it should be noted that federal route certificates differ significantly from their Ohio counterparts. *Aetna Freight Lines, Inc.* (1948), 48 M. C. C. 610.

Were there a definite commission rule, order, or decision either forbidding tacking of different certificates by a single operator or requiring prior approval by the commission for such practice, there would be no question that the penalty was reasonable. Here, the penalty of a major suspension of this operator's permit was imposed because the operator engaged in a questionable practice which other operators also engaged in, as shown by the *Duff* case, and which the commission had under advisement at the time. Under these circumstances the penalty of a 30-day suspension is unreasonable.

Under this court's jurisdiction to modify orders of the commission, the court modifies this order solely to remove the 30-day suspension of the appellant's operating privileges pursuant to its irregular route authority. The order is affirmed in all other respects.

*Order affirmed as modified.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and P. BROWN, JJ., concur.

CELEBREZZE and W. BROWN, JJ., concur in part and dissent in part.

CELEBREZZE, J., concurring in part and dissenting in part.

I concur in the judgment herein, for the reasons expressed in my concurring opinion in *Duff Truck Line, Inc.,* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 186, decided this date, insofar as it affirms the findings and conclusions of the Public Utilities Commission. However, I am unable to agree with the majority's modification of the penalty imposed upon appellant by the commission.

The appellant in that case filed the complaint with the commission alleging that the aforesaid Duff Truck Line, Inc., was conducting certain movements which were illegal. The "illegal" conduct complained of by the appellant was

that Duff was "tacking * * * an irregular route certificate to another regular or irregular route certificate." It should be noted that this is the identical activity of which appellant is accused.

Appellant, as its defense to the charge in the instant case, states that since there are no statutes or commission rules or regulations which specifically prohibit the tacking of certificates and since there are no indexes or regularly published reports of commission cases, it was impossible to ascertain whether the movements included in this case were unlawful. This kind of a sham defense, under these circumstances, not only is repugnant but also is insulting. An attempt to assert innocence through ignorance of the law while pointing the finger of accusation against a competitor is ignorance of another design, and I cannot condone such subterfuge by removing the 30-day suspension imposed by the commission.

Counsel for the appellant admitted at the hearing that "this is a matter that has been ruled on by this commission in at least five different other cases and in the Supreme Court of Ohio on at least four." As recently as February 11, 1976, this court impliedly recognized the distinction between regular and irregular route certificates in the case of *Sewell Motor Express, Inc., v. Pub. Util. Comm.* (1976), 45 Ohio St. 2d 98.

Commercial Motor Freight knew that it was improper to "tack" regular and irregular route certificates. Whatever rationalization it may presently seek to employ to excuse its admitted impropriety should not be sanctioned by this court. To do so makes a perversion of the clear statutory intent in R. C. 4921.10 and a mockery of the standard of "showing a public convenience and necessity" before a certificate will be granted.

W. Brown, J., concurs in the foregoing concurring and dissenting opinion.