CLEVELAND FREIGHT LINES, INC., APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Cleveland Freight Lines v. Pub. Util. Comm. (1980),
62 Ohio St. 2d   50.]

(No. 79-929—Decided April 9, 1980.)

*Mr. Lewis S. Witherspoon,* for appellant.
*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. James R. Bacha,* for appellee.

*Per Curiam.* The Public Utilities Commission of Ohio has been granted the power and authority to supervise and regulate motor transportation companies. R. C. 4921.04; *E. A. Schlairet Transfer Co.* v. *Pub. Util. Comm.* (1963), 174 Ohio St. 554. Orders of the commission with regard to the regulation of certified motor transportation firms will not be disturbed by this court, unless those orders are shown to be unreasonable or unlawful. See *Schlairet, supra.* In support of its position on appeal, CFL submits the following three propositions of law:

1. "A motor common carrier operating pursuant to the authority issued to it by the Public Utilities Commission of Ohio is not authorized or permitted to question the validity of instructions given it by a shipper but is required to accept such shipments tendered to it and deliver them to the stated destination point as instructed."

2. "The Public Utilities Commission of Ohio is charged with the regulation of motor transportation companies and under such mandate its responsibilities are the promulgation of clear and definitive rules governing such operations for the guidance of those motor carriers performing pursuant to certificates of public convenience and necessity issued by said commission."

3. "Where the commission has failed to adopt a clear and dispositive rule, decision, or policy governing the participation by irregular route common carriers in pool distribution operations established by a shipper at the carrier's base of authority, the imposition of a five-day suspension and revocation of its exclusive use of equipment tariff provisions constitutes a gross abuse of discretion and is unjust, unreasonable, and unwarranted."

As part of its first proposition of law, CFL contends that there is no evidence in the record indicating that CFL was aware of the fact that it was accomplishing a movement through Cleveland as opposed to shipments to and from Cleveland. According to CFL, it was the shipper, Parker-Hannifin Corporation, that devised the complex system resulting in a through movement, including individual bills of lading combined with a master bill and a sealed packet handed to the carrier's driver to be delivered to the shipper's

employees. The typical pattern of movement which the commission found to be illegal was as follows: (A) Shipments from Parker-Hannifin in Ravenna, Ohio (outside the Cleveland Commercial Zone), to Parker-Hannifin's facility on Euclid Avenue in Cleveland under a master bill of lading and a sealed packet—at times, certain property was added to or taken from the trailer at the Euclid Avenue facility; (B) this same property was then transported to CFL's terminal under individual bills of lading, showing the origin of the property to be the Euclid Avenue facility; and (C) finally, the property was shipped from CFL's terminal to various points throughout Ohio.

Whether CFL could reasonably be subjected to a penalty for such movements if it did not know the nature of the through movement and could not be expected to know, need not be reached in this appeal. The record contains evidence which supports the commission's conclusion that "the citee either knew, or should have known, that it was performing unlawful movements." The testimony of William Ellis, Warehouse Manager for Parker-Hannifin, and Carl Munn, CFL's president, supports this conclusion, along with testimony from various other witnesses. Accordingly, appellant's first proposition of law is not well taken.

In its second proposition of law, appellant charges the commission with failing to perform its responsibilities of promulgating clear and definitive rules for motor carriers. As was stated in *Duff Truck Line* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 186, the commission has no mandatory burden of promulgating such specific rules and regulations, as distinguished from *ad hoc* litigation. Appellant's second proposition of law is not well taken.

However, as the majority held in *Commercial Motor Freight* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 195, when there is not a definite commission rule, order, or decision forbidding a particular practice, the imposition of a substantial penalty is unreasonable. This forms the basis for appellant's third proposition of law.

In *Commercial Motor Freight, supra,* the majority indicated that a carrier should not be subjected to a substantial penalty when the carrier could not *knowingly* be in violation of a definite rule, order, or decision of the commission or the

court since there were no such definite rules, orders, or decisions in existence. The facts in the present case are distinguishable from those in *Commercial Motor Freight,* in that CFL had the benefit of this court's decisions in *Duff, supra,* and *Commercial Motor Freight, supra,* and was informed in 1974 of the illegality of similar movements.

Under these circumstances, the imposition of a five-day suspension and the revocation of Special Permission No. 1611 were neither unreasonable nor unlawful. Although the precise movements of property in the present case are not identical to those in *Duff, supra,* and *Commercial Motor Freight, supra,* the principles of law put forth in those cases apply with equal force here, and appellant should not be permitted to perpetuate illegal activity simply by adding window dressing. Although the commission erred in using language from amended Rule 4901-5-30, which was not effective until June 1, 1978, we find the error to have been non-prejudicial, given the findings of the commission and the language of former Rule 4901-5-30, effective January 20, 1963.

The order of the Public Utilities Commission is, therefore, affirmed and the cause remanded for purposes of executing the penalties which were stayed pending the outcome of this appeal.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, STRAUSBAUGH and HOLMES, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for LOCHER, J.