THE STATE, EX REL. LIFE OF MARYLAND, INC., *v.* KATZ, SUPT.

[Cite as State, ex rel. Life of Maryland, Inc., *v.* Katz (1983), 4 Ohio St. 3d 140.]

(No. 82-1554—Decided April 13, 1983.)

---

[1] "Baltimore Life formed Life of Maryland on July 2, 1981, for the purpose of writing and marketing high investment yield products such as 'universal life' insurance and flexible premium annuities." Agreed statement of facts, paragraph 10, page 3.

*Murphey, Young & Smith Co., L.P.A., Mr. David J. Young* and *Mr. Steven W. Tigges,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Thomas W. Hess* and *Mr. Timothy R. Parry,* for respondent.

*Per Curiam.* Relator argues that respondent has improperly refused to consider its application for a certificate of authority. We disagree.

Relator contends that respondent's policy of considering fifteen applications at each of its meetings, which are held four times a year, is an administrative rule which does not conform to the statutory scheme of the requirements of R.C. Chapter 119, the Administrative Procedure Act. R.C. 119.01(C) defines a rule as: "* * * any rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, but it does *not* include regulations *concerning internal management* of the agency which do not affect private rights." (Emphasis added.) The record clearly demonstrates that respondent's department has limited resources and personnel. Respondent's policy of reviewing fifteen applications each meeting is a managerial response to those limitations and not an administrative rule.

"In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. (*State, ex rel. Harris,* v. *Rhodes,* 54 Ohio St. 2d 41 [8 O.O.3d 36].)" *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus. Relator has failed to show that the Revised Code creates a clear legal duty for respondent to act beyond his department's practical capacity and review more applications.

Rather, R.C. 3909.01 requires that a foreign insurance company secure a certificate of authority before doing business in Ohio. For such a company doing business in this state is a privilege, not a right. See *State, ex rel. Insurance Co.,* v. *Moore* (1884), 42 Ohio St. 103, 106. If it is improper for us to order respondent to consider relator's application, then we certainly cannot order respondent to issue a certificate of authority on relator's behalf.[2]

---

[2] Relator also complains that respondent's requirement that a company be in business for two years before the respondent would grant its request for a certificate of authority is improper. Respondent did not apply this requirement to relator, however, because he was unable to consider its application. It is, therefore, unnecessary for us to consider the propriety of this two-year rule in light of our disposition of this case.

Accordingly, relator's request for a writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, LOCHER, HOLMES and COOK, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

COOK, J., of the Eleventh Appellate District, sitting by assignment.

CLIFFORD F. BROWN, J., dissenting. On September 25, 1981, relator applied to the Superintendent of the Department of Insurance for a certificate of authority to transact life insurance business in Ohio. To date, a year and one half after this application, the superintendent has refused to act on it. Consequently, relator brought this action seeking a writ of mandamus to compel the superintendent to either approve or deny the application.

The majority correctly notes that a writ shall issue only where no other legal remedy exists, relator has a clear legal right to the relief prayed for, and respondent is under a clear legal duty to perform the requested act. Mandamus is an extraordinary writ, for extraordinary situations.

I believe we face such an extraordinary situation here. All foreign life insurance companies are required by R.C. 3909.01 to procure a certificate of authority to transact any insurance business in Ohio. Such certificates are issued by the superintendent, and state that the company has complied with all the laws of Ohio applicable to it.

The record indicates that approximately three hundred applications from foreign life insurance companies were received by the superintendent in 1982; of these, only fifty-four were approved, and no action was taken on the remaining applications in 1982. In addition, it appears there are some companies which have waited ten years for action by the superintendent.

Such oscitancy on the part of the superintendent should be subject to a writ of mandamus. While a writ of mandamus will not issue to control discretion, it will issue to compel him to *exercise* his discretion when such exercise is required by law. See 35 Ohio Jurisprudence 2d (1959) 269, Mandamus, Section 24.

Accordingly, I dissent from the denial of the writ.

SWEENEY, J., concurs in the foregoing dissenting opinion.