OHIO ACADEMY OF TRIAL LAWYERS ET AL., APPELLANTS, *v.*
OHIO DEPARTMENT OF INSURANCE, APPELLEE.

[Cite as Ohio Academy of Trial Lawyers *v.* Dept. of Ins. (1983),
4 Ohio St. 3d 201.]

(No. 82-598—Decided May 4, 1983.)

*Mr. Don C. Iler,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Thomas W. Hess* and *Mr. Roger P. Sugarman,* for appellee.

*Messrs. Graham, Dutro & Nemeth* and *Mr. James L. Graham,* urging affirmance for *amici curiae,* American Insurance Assn. et al.

WILSON, J.  R.C. 119.12 provides in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an *adjudication* denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal from the order of the agency to the court of common pleas * * *.

"Any party adversely affected by any order of an agency issued pursuant to any other *adjudication* may appeal to the court of common pleas of Franklin County, except that appeals from orders of the fire marshal, issued under Chapter 3737 of the Revised Code, may be to the court of common pleas of the county in which the building of the aggrieved person is located." (Emphasis added.)

"Adjudication" is defined in R.C. 119.01(D) as "* * * the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *"; "person" includes "person, firm, corporation, association or partnership" (R.C. 119.01[F]).

Quite clearly, the Superintendent of Insurance is such "highest or ultimate authority." R.C. 3901.011. The touchstone of the appellants' cause, therefore, as the court of appeals noted, is whether the letter from the attorney-examiner is an order of the Superintendent of Insurance. We concur with the court of appeals, and hold that it is not.

There is nothing in the record to indicate that the Superintendent adopted, affirmed, modified, ratified or even considered[3] the attorney-examiner's conclusion that "the need for the requested hearing is deemed moot." In fact, the letter would tend to indicate that the Superintendent was

---

[3] This is not to say that such action on the part of the Superintendent would necessitate a contrary result, or that the type of action enumerated is exhaustive.

not even sent a carbon copy thereof. There being nothing to indicate that the appellants' application was denied pursuant to a determination by the Superintendent of Insurance, there was no order from which an appeal pursuant to R.C. 119.12 could be instituted. Thus, the propriety of the trial court's "cease and desist order" is moot.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, A.C.J., KEEFE, LOCHER and HOLMES, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

SWEENEY, J., sitting for CELEBREZZE, C.J.

KEEFE, J., of the First Appellate District, sitting for W. BROWN, J.

WILSON, J., of the Second Appellate District, sitting for SWEENEY, J.

CLIFFORD F. BROWN, J., dissenting. On November 30, 1978, appellants filed a formal application for a hearing and other relief with the Ohio Department of Insurance, pursuant to R.C. 3901.22, claiming that four insurance companies had published blatantly untrue, deceptive and misleading advertisements. On March 28, 1979, the Department of Insurance responded with a letter to appellants' counsel deeming "the need for the requested hearing * * * moot." Today, this court deems appellants' appeal from that finding not a final order of the Department of Insurance because the letter was signed by an attorney-examiner, not the Superintendent himself. Because I disagree with this absurd conclusion, I dissent.

To say that the decision to deny the application for a hearing was not that of the Superintendent is to ignore the express wording of the correspondence. The letter at issue signed by the attorney-examiner clearly indicates it was, in fact, a final order made and approved by the Superintendent of Insurance. It stated:

"*The Department* has completed the preliminary investigation necessary to determine whether the *Superintendent* will grant the above-named application for Hearing * * * [s]ince the relief affordable under Division (B) of Section 3901.22 would be a cease and desist order from the Superintendent of Insurance and since the companies have already stopped publication of the listed advertisement, *the need for the requested hearing* is deemed moot." (Emphasis added.)

The above letter clearly represented the official policy of the department, as developed by an attorney working in the legal enforcement section, and as reported to her department head and to the deputy director of the depart-

ment.[4] Nothing in the record indicates that any further action was contemplated on appellants' request, or that the presence of a document signed by the hand of the Superintendent was essential to the finality of the finding of mootness. It is apparent that the letter, by its explicit language, was a final order of the Superintendent pursuant to an adjudication, so that an appeal under RC. 119.12 was proper. While this court holds that this was *not* a final order of an agency, it does not venture to identify exactly what it *is*.

Since I would find that a final appealable order is before the court, the next question becomes whether the named insurance companies can be said to have committed an "unfair or deceptive act" such that a cease-and-desist order was appropriate.

In my view, the court of common pleas exceeded its authority in ordering the Department of Insurance to enter a cease and desist order before the department had an opportunity to rule on the "unfair or deceptive" content of the advertisements in question. However, like the court of common pleas, I would conclude that the department's finding of mootness was not supported by reliable, probative and substantial evidence, was not in accordance with law, and should have been reversed. The bare assertion by the named insurance companies that they would refrain from such advertisements in the future, given to the Department of Insurance by telephone and correspondence, does not moot a claim of deceptive advertising. Moreover, R.C. 3901.22 authorizes the Superintendent to deny an application for a hearing *only* if the application is made in bad faith or there are no grounds establishing that the applicant is aggrieved. No one argues that either of these conditions pertains to this case. Given grounds for a hearing, I would find the Superintendent has a mandatory duty under R.C. 3901.22 to hold a hearing to determine whether the advertising campaign in question violated Ohio law.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.

---

[4] This court should not be naive concerning the mode of operation of the Ohio Department of Insurance. In recent years, that department has demonstrated remarkable dexterity in avoiding the performance of its statutory duties. See, *e.g., State, ex rel. Life of Maryland, Inc.,* v. *Katz* (1983), 4 Ohio St. 3d 140, 142 (dissenting opinion by Justice Clifford F. Brown).