THAXTON ET AL., APPELLANTS, *v.* MEDINA CITY BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as Thaxton *v.* Medina City Bd. of Edn. (1986), 21 Ohio St. 3d 56.]

(No. 84-1954—Decided January 15, 1986.)

*Henn & Cain* and *Robert B. Henn,* for appellants.

*Williams, Batchelder, Johnson & Bux* and *Robert J. Bux,* for appellee Medina City Board of Education.

*Jill R. Heck,* prosecuting attorney, for appellees Cloverleaf Board of Education and Highland Board of Education.

*Oberholtzer, Filous & Young Co., L.P.A.,* and *Thomas J. Filous,* for appellee Contemporary Photography Studio, Inc.

CLIFFORD F. BROWN, J.

I

The threshold question raised by this appeal is whether a public board of education is a "person" for purposes of the Valentine Act, R.C. Chapter 1331. R.C. 1331.01(A) defines "person" as follows:

" 'Person' includes corporations, partnerships, and associations existing under or authorized by any state or territory of the United States, and solely for the purpose of the definition of division (B) of this section, a foreign governmental entity."

We hold that a public board of education is not a "person," as defined in R.C. 1331.01(A), when the board operates within its clear legal authority.

The statutory definition of "person" does not expressly include boards of education within its terms, nor does the definition specifically exclude boards of education. The definition does not expressly include individuals either; yet, individuals would clearly be "persons" under the statute. Thus, the definitional list is not exclusive, and we must look to legislative intent to determine whether a board of education is a "person" for purposes of R.C. Chapter 1331.

Where a board of education or other public entity is found to be a "person" for purposes of a statute, the entity is usually engaged in a commercial or business activity rather than acting in its governmental capacity. *United States* v. *Coumantaros* (D. Md. 1958), 165 F. Supp. 695, 698. In the instant case, when the boards of education entered into contracts for photographic services, they were acting within their authorized governmental capacity by providing for and managing extracurricular activities. In fact, a public board of education is without authority to contract outside its educational sphere and therefore can never legally act in a purely commercial manner. See *State, ex rel. Clarke,* v. *Cook* (1921), 103 Ohio St. 465, 467.

Further, if the legislature had intended the term "person" to include all governmental entities in all situations, it would have included them in the statutory definition. Indeed, the legislature did expressly include "foreign governmental entit[ies]" within the definition. Thus, the resolution of this case rests upon the principle that "* * * the express mention of but one class of persons in a statute implies the exclusion of all others." *State, ex rel. Boda,* v. *Brown* (1952), 157 Ohio St. 368, 372 [47 O.O. 262].

It should be noted that the reasoning of *Community Communications Co.* v. *Boulder* (1982), 455 U.S. 40, urged upon this court by appellants, does not require a different result. *Boulder* involved a "home-rule" city engaging in a business enterprise; the case at bar involves public school boards acting within their usual governmental capacity. Unlike *Boulder,* here there is no question but that the public school boards, as "arms or agencies of the state," *Bd. of Edn. of Cincinnati* v. *Volk* (1905), 72 Ohio St. 469, 480, are ultimately managed and controlled by the dictates of the General Assembly and that the boards' lawful activities would thereby constitute state action. In *Lafayette* v. *Louisiana Power & Light Co.* (1978), 435 U.S. 389, 413, the United States Supreme Court held that the *Parker* doctrine (*Parker* v. *Brown* [1943], 317 U.S. 341), which immunizes the states from federal antitrust liability, "exempts only anticompetitive

conduct engaged in as an act of government by the State as sovereign, or, by its subdivisions, pursuant to state policy to displace competition with regulation or monopoly public service."[1] However, as applied to the facts of the instant cse, *Lafayette* would not alter our holding. Because public school boards act within their authority when they contract for services related to extracurricular activities, R.C. 3313.53, the boards did not thereby incur antitrust liability.

Thus, the trial court correctly granted summary judgment in favor of the three defendant boards of education. As a matter of law, a public board of education is not a "person," as defined in R.C. 1331.01(A), when the board operates within its clear legal authority.

## II

Because the three boards of education were not persons for purposes of R.C. Chapter 1331 under the facts in this case, the trial court was also correct in granting judgment on the pleadings in favor of Contemporary. As a matter of law, Contemporary could not violate R.C. Chapter 1331 unless it conspired with another person. Once the three boards of education were eliminated as defendants, there remained no other defendant with whom Contemporary could conspire.

Accordingly, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment only.

---

[1] We decline appellants' invitation to consider whether the boards of education were required to competitively bid the contracts at issue, because that issue was not raised below. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98].