HAMILTON COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES ET AL., APPELLEES, *v.* PROFESSIONALS GUILD OF OHIO, OHIO FEDERATION OF TEACHERS, ET AL., APPELLANTS.

[Cite as Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities *v.* Professionals Guild of Ohio (1989), 46 Ohio St. 3d 147.]

(No. 88-1169—Submitted May 9, 1989—Decided October 25, 1989.)

*Sponseller & Veltmann, Nancy L. Sponseller* and *Benjamin B. Segel,* for appellees Hamilton County Board of Mental Retardation and Developmental Disabilities et al.

*Berkman, Gordon, Murray & Palda, George W. Palda* and *Jeremy A.*

*Rosenbaum,* for appellant Professionals Guild of Ohio.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Robert E. Ashton,* for appellant State Employment Relations Board.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Robert T. Baker* and *Kimball H. Carey,* urging affirmance for *amicus curiae,* Ohio School Boards Association.

MOYER, C.J.    This appeal raises four issues for our disposition.

## I

The first issue is whether MRDD is a person under R.C. 119.01(F) and thus a party with the right under R.C. 119.12 to appeal a decision of the State Employment Relations Board.

R.C. 119.12 provides, in pertinent part: "Any party adversely affected by any order of an agency issued pursuant to [an] * * * adjudication may appeal to the court of common pleas of Franklin county * * *."

"Party" is defined in R.C. 119.01 (G) as "the person whose interests are the subject of an adjudication by an agency." "Person" is defined in R.C. 119.01(F) as "a person, firm, corporation, association, or partnership."

R.C. 4117.02(M) provides that "[e]xcept as otherwise specifically provided in this section, [SERB] * * * is subject to Chapter 119. of the Revised Code * * *."

SERB and the union contend that MRDD is not a person or party within the meaning of R.C. 119.01 and hence has no right to appeal a SERB adjudication order pursuant to R.C. 119.12. We do not agree.

A political subdivision of a state is embraced within the meaning of the word "person" by a statute such as R.C. 119.01(F) defining "person" as including a corporation, association or partnership. See *Ohio* v. *Helvering*

(1934), 292 U.S. 360, 370. A body corporate and politic is a governmental body or public corporation having powers and duties of government. *Uricich* v. *Kolesar* (1936), 132 Ohio St. 115, 118, 7 O.O. 222, 223, 5 N.E. 2d 335, 337; *Utah State Bldg. Comm.* v. *Great American Indemn. Co.* (1943), 105 Utah 11, 140 P. 2d 763. Black's Law Dictionary (5 Ed. 1979) 307, defines "public corporation" as "* * * one created by the state for political purposes and to act as an agency in the administration of civil government, generally within a particular territory or subdivision of the state, and usually invested, for that purpose, with subordinate and local powers of legislation; such as a county, city, town, or school district."

As we indicated in *Uricich, supra,* at 118-119, 7 O.O. at 223, 5 N.E. 2d at 337, the word "person" has been applied to counties which are bodies corporate and politic. Thus, an entity qualifying as a body corporate and politic is a "person" as defined in R.C. 119.01(F).

MRDD, as a governmental unit of Hamilton County, is a body corporate and politic and comes within the R.C. 119.01(F) definition of "person." Thus, it is a party within the meaning of R.C. 119.12. *Staples* v. *Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO* (1986), 32 Ohio App. 3d 9, 513 N.E. 2d 821.

This court has previously entertained appeals from various state board decisions by local county boards such as MRDD. We have recognized that such appeals may be brought under R.C. 119.12 if the proceedings of the state administrative agency are quasi-judicial in nature. *State, ex rel. Bd. of Edn.,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173, 176-177, 7 O.O. 3d 357, 358, 373 N.E. 2d 1238, 1241. In *State, ex rel. Bell,* v. *Cambridge Bd. of Edn.* (1976), 45 Ohio St. 2d 316, 318, 74 O.O. 2d 475, 476, 345 N.E. 2d 57, 58, we indicated that the failure of a local school board to avail itself of "its right to appeal the state board's decision, pursuant to R.C. 119.12 * * *" was grounds for denial of the local school board's petition for a writ of mandamus.

We thus have recognized, albeit *sub silentio,* that local county boards such as MRDD are "persons" within the meaning of the R.C. 119.12 appeal provision. This view is reinforced by the recently enacted R.C. 4117.01(A),[1] wherein the General Assembly clearly defined "person" to include a political subdivision.

SERB and the union contend that our decisions in *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41, 75 O.O. 2d 132, 346 N.E. 2d 141, and *Thaxton* v. *Medina City Bd. of Edn.* (1986), 21 Ohio St. 3d 56, 21 OBR 357, 488 N.E. 2d 136, require that we hold that MRDD is not a "person" within the meaning of R.C. Chapter 119.

In *Osborn, supra,* we held that "[t]he director of a state department does not have a right of appeal to the Court of Common Pleas of Franklin County from an order of the State Personnel Board of Review disaffirming the director's layoff order of an employee for alleged lack of work. (R.C. 119.01 and 119.12.) (*Corn v. Bd. of Liquor Control* [1953], 160 Ohio St. 9 * * *.)" *Id.* at paragraph three of the

---

[1] R.C. 4117.01(A) provides:
" 'Person' * * * includes * * * employee organizations, public employees, and *public employers.*" (Emphasis added.)

R.C. 4117.01(B) defines "public employer" as including any political subdivision of the state located entirely within the state.

syllabus. Our decision in *Osborn, supra,* addresses the right of the director of a state agency to bring an appeal under R.C. Chapter 119 and does not apply here.

Nor is our decision in *Thaxton, supra,* inconsistent with our determination that MRDD is a "person." We held in *Thaxton* that "[a] public board of education is not a 'person,' as defined in R.C. 1331.01(A), when the board operates within its clear legal authority." *Id.* at syllabus. R.C. 1331.01(A)'s definition of "person" applies specifically to the Valentine Act, dealing with monopolies, and is inapplicable here.

For the foregoing reasons, we hold that a county board of mental retardation and developmental disabilities is a "person" entitled to appeal an order of the State Employment Relations Board pursuant to R.C. 119.12.

## II

The second issue requires us to determine whether SERB's access, solicitation, and distribution rules for the rerun election were improperly promulgated because they were adopted in an adjudication process rather than pursuant to SERB's R.C. 119.03 rule-making authority.

R.C. 119.01(D) defines "adjudication" as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include * * * acts of a ministerial nature." The parties do not dispute that SERB's access, solicitation and distribution rules for the rerun election were issued pursuant to an adjudication. (See, also, our analysis in Part III.)

We have consistently held that the decision whether to proceed by rule making or adjudication to resolve a dispute lies primarily in the informed discretion of the administrative agency. *Duff Truck Line, Inc.* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 186, 193, 75 O.O. 2d 229, 233, 348 N.E. 2d 127, 131; *Cleveland Freight Lines, Inc.* v. *Pub. Util. Comm.* (1980), 62 Ohio St. 2d 50, 53, 16 O.O. 3d 38, 40, 402 N.E. 2d 1192, 1195; *Blue Cross of Northeast Ohio* v. *Ratchford* (1980), 64 Ohio St. 2d 256, 262, 18 O.O. 3d 450, 454, 416 N.E. 2d 614, 619; see, also, *Columbia Broadcasting System, Inc.* v. *United States* (1942), 316 U.S. 407, 421; *Natl. Labor Relations Bd.* v. *Beech-Nut Life Savers, Inc.* (C.A. 2, 1968), 406 F. 2d 253.

An administrative board has the authority to use either quasi-legislative promulgation of general rules designed to address a general issue or to use a quasi-judicial proceeding when a specific dispute arises as a case before the board. *Id.* at 257. "To insist upon one form of action to the exclusion of the other is to exalt form over necessity." *Securities & Exchange Comm.* v. *Chenery Corp.* (1947), 332 U.S. 194, 202.

Here, it was within SERB's discretion to promulgate the rerun election access, solicitation and distribution rules in an adjudication process.

SERB's decision to resolve, by adjudication, the issues presented by the parties in this case is an administrative judgment entitled to deference by appellate courts. The decision is the product of administrative experience, appreciation of the complexities of the problem, realization of the statutory policies and responsible treatment of the facts. It is the type of judgment which administrative agencies are best equipped to make and for which the administrative process is most appropriate. See *Republic Aviation Corp.* v. *Natl. Labor Relations Bd.* (1945), 324 U.S. 793, 800. It is a judgment we should not disturb.

**152**

## III

We next consider whether SERB's order setting aside the election results and ordering a rerun election is a final appealable order.

MRDD contends that the adjudication language of R.C. 119.12 embraces the "concept of finality" and that the "final order" provision of R.C. 2505.02 is inapplicable to R.C. Chapter 119 proceedings. The implication is that all SERB adjudication orders, whether final or not, are subject to judicial review pursuant to R.C. 119.12. We do not agree.

A litigant has only a statutory, not an inherent, right to appeal a SERB adjudication. See R.C. 119.12. Cf. *Avon Lake City School Dist.* v. *Limbach* (1988), 35 Ohio St. 3d 118, 518 N.E. 2d 1190.

We have recognized the general appealability of SERB adjudications pursuant to R.C. 119.12. In *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 226, 527 N.E. 2d 864, 866, we were urged "to limit R.C. Chapter 119's application solely to rulemaking provisions, and thereby exempt SERB's adjudications from that chapter's appeal procedures. * * *" In response, we held that SERB's adjudications are subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M). Having previously determined that SERB's adjudications may be appealable under R.C. 119.12, we are now required to determine when the right to appeal arises.

R.C. 119.06 provides that "[n]o adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. * * *" In *State, ex rel. Bd. of Edn. of Bratenahl Local School Dist.,* v. *Bd. of Edn.*

(1978), 53 Ohio St. 2d 173, 176, 7 O.O. 3d 357, 358, 373 N.E. 2d 1238, 1241, citing Section 4(B), Article IV of the Ohio Constitution, we held that "[b]efore an appeal can successfully be brought to the Court of Common Pleas * * * under the provisions of R.C. Chapter 119, the proceedings * * * must have been quasi-judicial in nature. * * *" An adjudication order is issued in a quasi-judicial proceeding where, as herein, the parties were given an opportunity for a hearing. *State, ex rel. Harris,* v. *Williams* (1985), 18 Ohio St. 3d 198, 201-202, 18 OBR 263, 266, 480 N.E. 2d 471, 473-474; R.C. 119.06.

Having concluded that SERB's rerun election order is a valid adjudicatory order, the next question is whether the order must be final to be appealable.

R.C. 2505.03(A) provides that "[e]very final order, judgment, or decree of a court and, *when provided by law, the final order of any administrative officer, agency, board,* department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas * * *." (Emphasis added.)

We have previously held that the finality requirement of R.C. 2505.03 (A) applies to various statutory schemes permitting appeal of orders to the court of common pleas. In *Stewart* v. *Midwestern Indemn. Co.* (1989), 45 Ohio St. 3d 124, 543 N.E. 2d 1200, we indicated that R.C. 2711.15, providing for appeal of arbitration proceedings, should be read *in pari materia* with R.C. 2505.02. See, also, *Bellaire City Schools Bd. of Edn.* v. *Paxton* (1979), 59 Ohio St. 2d 65, 13 O.O. 3d 58, 391 N.E. 2d 1021. In *Harris, supra,* we were faced with the question of whether a letter issued by the Department of Industrial Relations pursuant

to R.C. Chapter 4115[2] advising employees of a company of their right to sue for recovery of unpaid wages is an adjudication vesting the court of appeals with the right of review. We stated there that the letter was not issued pursuant to an adjudication and also was not a final appealable order. *Id.* at 201, 18 OBR at 266, 480 N.E. 2d at 473. In *Ohio Academy of Trial Lawyers* v. *Dept. of Ins.* (1983), 4 Ohio St. 3d 201, 4 OBR 519, 448 N.E. 2d 141, we held that a letter from an attorney-examiner indicating that a hearing was unnecessary did not constitute a final order of an agency issued pursuant to an adjudication as required by R.C. 119.12.

In view of the foregoing, we conclude that SERB orders must comply with R.C. 2505.02 to be appealable.

R.C. 2505.02 defines a "final order" as "[a]n order affecting [1] a substantial right in an action which in effect [2] determines the action and [3] prevents a judgment * * *." In *Bellaire City Schools Bd. of Edn., supra,* we indicated that if an order lacks any of these three factors, it cannot be a final order.

The term "substantial right" has been construed to mean a "legal right," one protected and supported by law. *Armstrong* v. *Herancourt Brewing Co.* (1895), 53 Ohio St. 467, 42 N.E. 425. For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. *Jolley* v. *Martin Brothers Box Co.* (1952), 158 Ohio St.

416, 49 O.O. 29, 109 N.E. 2d 652; *Bellaire City Schools Bd. of Edn., supra*; see *Rossford Exempted Village School Dist.* v. *State Bd. of Edn.* (1989), 45 Ohio St. 3d 356, 544 N.E. 2d 651; *Stewart, supra*; see, also, Note, What is a Final Order in Ohio (1950), 19 Cin. L. Rev. 507, 509.

Because SERB's order not only vacated the election result but also provided for a rerun election, it cannot be considered one which "determines the action and prevents a judgment" within the meaning of R.C. 2505.02. *Stewart, supra,* at 126, 543 N.E. 2d at 1202. We therefore hold that a SERB order mandating a rerun certification election is an interlocutory order and is therefore not appealable pursuant to R.C. 119.12. See *Snell* v. *Cincinnati Street Ry. Co.* (1899), 60 Ohio St. 256, 54 N.E. 270; *Kennedy* v. *Chalfin* (1974), 38 Ohio St. 2d 85, 67 O.O. 2d 90, 310 N.E. 2d 233; *Hermiston* v. *Emp. Relations Bd.* (1977), 280 Ore. 291, 295, 570 P. 2d 663, 665.

IV

Finally, we are required to decide whether SERB may be a party in an appeal of its adjudication order to the court of common pleas.

In *DiCillo & Sons, Inc.* v. *Chester Zoning Bd. of Appeals* (1952), 158 Ohio St. 302, 303, 49 O.O. 135, 136, 109 N.E. 2d 8, 9, we were faced with the question of "* * * whether a township board of zoning appeals or any of its members as such have any right to appeal from the judgment of a court, rendered on appeal from a decision of such board * * *." We held that a statutory grant of a right of appeal to

---

[2] R.C. Chapter 4115 provides a comprehensive statutory procedure for enforcing the prevailing-wage law through administrative and civil proceedings. *State* v.

*Buckeye Elec. Co.* (1984), 12 Ohio St. 3d 252, 253, 12 OBR 331, 333, 466 N.E. 2d 894, 895.

"[a]ny person adversely affected by a decision of a township board of zoning appeals" did not extend to the board or any of its members. *Id.* at 304-305, 49 O.O. at 136, 109 N.E. 2d at 10. Recognizing that the board represents the public's interest in having appeals correctly heard and decided, we indicated that the availability of sufficient partisan representation of the public interest should be considered in deciding whether to allow the board to participate in the appeal of its decision. *Id.*

In *Gold Coast Realty, Inc.* v. *Cleveland Bd. of Zoning Appeals* (1971), 26 Ohio St. 2d 37, 55 O.O. 2d 20, 268 N.E. 2d 280, it was urged that the city of Cleveland and its commissioner of building could not be parties to the appeal of a board of zoning appeals' decision because they occupied a governmental position similar to the position of the board. We rejected the contention and held that the city and its commissioner of building could properly appeal from the decision of the common pleas court.

Unlike the township board of zoning appeals in *DiCillo* which was established for the purpose of hearing appeals,[3] SERB, in addition to its quasi-judicial function, is given enforcement powers by R.C. Chapter 4117.

R.C. 4117.13 provides in pertinent part:

"(A) The state employment relations board or the complaining party may petition the court of common pleas for any county wherein an unfair labor practice occurs, or wherein any person charged with the commission of any unfair labor practice resides or transacts business, for the enforcement of the order and for appropriate temporary relief or restraining order. * * * When the board petitions the court, the complaining party may intervene in the case as a matter of right. Upon the filing, the court shall cause notice thereof to be served upon the person charged with committing the unfair labor practice and thereupon has jurisdiction of the proceeding and the question determined therein. * * *"

Since any complaint filed under R.C. 119.12 for review of a SERB final adjudication may have to be consolidated with any pending board-initiated enforcement action under R.C. 4117.13, it is reasonable to conclude that the General Assembly viewed SERB as an appropriate party to the review action. See *Maine* v. *Maine Labor Relations Bd.* (Me. 1980), 413 A. 2d 510, 512-513; *Public Emp. Relations Comm.* v. *Orlando* (Fla. 1984), 452 So. 2d 517. It is preferable to confer direct party status on SERB on appeal rather than requiring SERB to bring an enforcement action whenever it believes the public interest warrants its participation. *Id.* at 519.

Sound policy reasons support the recognition of SERB as a party in review proceedings. The union and the employer can be depended upon to advance their own interests, but SERB's participation ensures that the broad public interest will be adequately represented when necessary. Furthermore, participation in review proceedings complements SERB's public responsibilities under R.C. Chapter 4117. SERB's statutory powers and functions make it appropriate to permit it to participate in appeals from its decisions. This is not to say that SERB is a necessary or indispensable party or that it should participate in every review proceeding. See *Maine* v. *Maine Labor Relations Bd., supra,* at 513; *Barrington School Commt.* v.

---

[3] Its powers, as specified in R.C. 519.14, are to hear and decide appeals.

*Rhode Island State Labor Relations Bd.* (1978), 120 R.I. 470, 475, 388 A. 2d 1369, 1372.

For the foregoing reasons, we hold that SERB may participate as a party in appellate review of its decisions. However, it is not a necessary or indispensable party to the review proceedings.

*Judgment affirmed in part and reversed in part.*

HOLMES and WRIGHT, JJ., concur.

H. BROWN, J., concurs in the syllabus and judgment.

SWEENEY, DOUGLAS and RESNICK, JJ., concur in part and dissent in part.

H. BROWN, J., *concurring.* I concur in the judgment, the syllabus law and the analysis of legal issues contained in Parts I, II, and IV of the majority opinion. I further agree with the ultimate conclusion reached by the majority in Part III of the opinion. However, I believe that the want of a final appealable order results from the lack of an adjudication (see the dissent by Justice Douglas in *South Community, Inc.* v. *State Emp. Relations Bd.* [1988], 38 Ohio St. 3d 224, 229, 527 N.E. 2d 864, 868), as well as from the lack of compliance with R.C. 2505.02 as specified in the majority opinion.

DOUGLAS, J., *concurring in part and dissenting in part.* As indicated by the majority, there are four major issues for us to resolve in this case. I write separately because our determination of these issues could very well have an effect on administrative law and labor relations in our state for an extended period of time.

I

In proposition of law number four, appellee, "MRDD," argues that the State Employment Relations Board, "SERB," is not a proper party to common pleas court proceedings brought pursuant to R.C. 119.12. The court of appeals agreed with MRDD on the basis that SERB is not a "person" or "party" within the meaning of R.C. 119.01 and, therefore, could not bring an appeal pursuant to R.C. 119.12. Thus, according to the court of appeals, SERB has no right to participate in any capacity in an appeal brought pursuant to R.C. 119.12.

MRDD's contention and the holding of the court of appeals are clearly in error. In addition to those parts of R.C. 119.12 cited by MRDD and the court of appeals, the section also provides that:

"The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party *or the agency* * * * and shall be pursuant to the Rules of Appellate Procedure * * *. Such appeal *by the agency* shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas * * *." (Emphasis added.)

It is obvious, and elementary, that if an agency can appeal from the judgment of a court of common pleas, that agency must also be able to participate in the proceedings which occur in the court of common pleas. Accordingly, without addressing the adjudication-enforcement argument, it is enough to say that the statute permits SERB to be a party in appellate review and, in addition, that sound public policy

reasons support SERB's right to participate in cases involving appellate review of its decisions. See, further, *Blue Cross of Northeast Ohio* v. *Ratchford* (1980), 64 Ohio St. 2d 256, 18 O.O. 3d 450, 416 N.E. 2d 614, where we recognized that there is a difference between courts and administrative agencies with regard to adjudication and enforcement.

I concur in the first sentence of paragraph five of the syllabus of the majority opinion. Since we are not called upon to decide the question decided in the second sentence of paragraph five, I make no judgment thereon.

## II

I concur in paragraph two of the syllabus and the discussion of the majority supporting the holding.

## III

I concur with paragraph four of the syllabus, as it is a correct proposition of law. I do not agree, however, with the majority's assertions and discussion supporting the proposition.

The appeal herein of the SERB directive was filed pursuant to R.C. 119.12. Such right of appeal, when it exists, arises from orders of state administrative agencies whereby "[a]ny party adversely affected by any order of an agency issued pursuant to any other *adjudication* may appeal to the court of common pleas * * *." (Emphasis added.) "Adjudication" is defined in R.C. 119.01(D) as "* * * the determination by the highest or ulti-

mate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a *specified person* * * *." (Emphasis added.) "Person" is defined in R.C. 119.01(F) as "* * * a person, firm, corporation, association, or partnership."

MRDD argues that it is a "person" because it is a "public employer," and R.C. 4117.01(A) provides that the term "person" includes "public employers." However, MRDD, in order to reach its desired conclusion, mixes apples with oranges — R.C. Chapter 4117 with R.C. Chapter 119. MRDD states that R.C. 4117.02(M) makes SERB's orders subject to an R.C. Chapter 119 appeal. I disagree with this proposition but accept it for purposes of argument. If MRDD is correct, then the *descriptive* terms set forth in *R.C. Chapter 119* must be used to determine the requirements for appeal — not the definitional terms of R.C. Chapter 4117.

MRDD uses this ploy with the hope that the resulting confusion will carry the day. Recognizing the weakness of this argument, MRDD then essentially argues that it is, as a derivative of the board of county commissioners, a "body corporate and politic" in an attempt to fit itself into R.C. 119.01(F).[4] The difficulty encountered by MRDD in this regard is that Ohio law is to the contrary!

As far back as the year 1910, this court, in *Board of Cty. Commrs.* v. *Gates* (1910), 83 Ohio St. 19, 30, 93 N.E. 255, 259, said that "* * * a county is *not* a body *corporate* but rather a subordinate political division * * *."

---

[4] I question whether the board of county commissioners (or, for that matter, the commissioners as individuals) are proper parties to this appeal. SERB has not ordered the board or the commissioners, as individuals, to take any action. Only MRDD was the subject of SERB's order. The board

and commissioners only became parties by having their names added to an appeal of an order that did not directly affect them.

Likewise, MRDD argues that it is an "association" and, therefore, fits in R.C. 119.01(F). This argument does not merit further discussion.

(Emphasis added.) In *Schaffer* v. *Board of Trustees* (1960), 171 Ohio St. 228, 230, 12 O.O. 2d 343, 344, 168 N.E. 2d 547, 549, the court said that "* * * a county is a subdivision of the state, organized for judicial and political purposes. It is *not* a legal person or a separate political entity. * * *" (Emphasis added.) The *Schaffer* court then explained the difference between a county as an organization and a true corporation such as a "municipal corporation." See, also, *Western Pa. Natl. Bank* v. *Ross* (C.A. 6, 1965), 345 F. 2d 525.

Thus, it is clear that neither MRDD nor the board of county commissioners is a *"specified* person" as required by R.C. 119.01(D). Further, it is clear that neither entity is a "person" as defined in R.C. 119.01(F). Accordingly, even though I agree with paragraph four of the syllabus (and paragraph three of the syllabus as an abstract proposition of law[5]), there has been no "adjudication" which these entities may appeal.[6] Thus, the SERB order is interlocutory and hence not appealable, and R.C. 2505.02 is inapplicable since the requirements of R.C. Chapter 119 have not first been met.

## IV

Further, SERB's order was not an "adjudication" as required by R.C. 119.12 and defined in R.C. 119.01(D). The rerun election order of SERB did not determine the rights, duties, privileges, benefits, or legal relationships of a specified person. All the order did was establish the right of the union and a group of unnamed employees to have a new election. In fact, it is conceivable that in a *fairly* held rerun election, MRDD could win. Then, of course, there would be nothing to appeal. Accordingly, SERB's rerun election order was not an "adjudication" and, therefore, is not appealable.

## V

Our problems with today's case are directly attributable to our decision in *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 864. In that case, I warned, in my dissent, that "* * * [p]iecemeal appeals such as that allowed today will cripple the bargaining process beyond rehabilitation. * * *" *Id.* at 231, 527 N.E. 2d at 870. Further, "* * * [i]f collective bargaining is permitted to be repeatedly disrupted by scattershot appeals such as the one allowed today, the entire process will disintegrate and the noble purposes of the Act will be frustrated." *Id.* at 232, 527 N.E. 2d at 871.

While I am pleased that today's majority now seems to see the error of

---

[5] The discussion of R.C. 2505.02 in the majority opinion is not complete. There is more than just the first prong of the section. An order, such as we have here under review, might very well be argued to be one affecting a substantial right in a special proceeding. See *Lorain Edn. Assn.* v. *Lorain City School Dist. Bd. of Edn.* (1989), 45 Ohio St. 3d 12, 16-17, 544 N.E. 2d 687, 691 (Douglas, J., concurring); *Stewart* v. *Midwestern Indemn. Co.* (1989), 45 Ohio St. 3d 124, 127, 543 N.E. 2d 1200, 1203 (Douglas, J., dissenting). See, also, *Chef Italiano* *Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 541 N.E. 2d 64.

[6] The argument is made by appellee(s) that such a holding would permit labor organizations ("associations") to appeal SERB's rulings but prevent non-corporate public employers from appealing. This, of course, is incorrect. Public employers (political subdivisions) may obtain judicial review of SERB orders in representation cases by using the unfair-labor-practice process. R.C. 4117.13.

*South Community* and limits, to some degree, its effectiveness, it is my judgment that we should meet the entire problem head-on and overrule *South Community.* By adding as accepted authority *Staples* v. *Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO* (1986), 32 Ohio App. 3d 9, 513 N.E. 2d 821, the majority just compounds the problem.

The procedural history of *Staples* should be recalled. This court had originally *unanimously* decided to review *Staples.* Subsequent to our vote certifying the case for review, the parties entered into a joint motion to dismiss the appeal on the basis that they had settled their differences and the appeal was moot. Acting on that motion, this court, in *Staples* v. *Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO* (1987), 31 Ohio St. 3d 602, 31 OBR 490, 510 N.E. 2d 805, dismissed the appeal. I dissented as to the dismissal because I believed then and still believe that the issue in *Staples* of the final appealability of a rerun election order under R.C. Chapter 119 was a " '* * * question of great public or general interest * * *,' " *id.* at 603, 31 OBR at 490, 510 N.E. 2d at 805, which this court should have decided at that time. Our failure to do so now leaves the holding of the *Staples* case untested by Supreme Court appellate review and directly leads us to today's decision which seems, in my opinion, to go against the holding in *Staples,* all the while citing it as authority.

## VI

This leads, then, to a discussion of the last issue in this case and to paragraph one of the syllabus in the majority opinion. I respectfully dissent from the holding pronounced in paragraph one and the discussion supporting the proposition set forth. MRDD is not a "person" entitled to appeal an order of SERB pursuant to R.C. 119.12.

R.C. 119.12 provides that a "party" may appeal any order of an agency issued pursuant to an "adjudication." To be a "party," one must also be a "person" pursuant to R.C. 119.01(G). To be a "person," one must meet the definition found in R.C. 119.01(F). I have already set forth that MRDD does not meet the "adjudication" requirements or the "person" requirements of the statute. Accordingly, MRDD is not entitled to appeal the order of SERB now under review. See, further, *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41, 75 O.O. 2d 132, 346 N.E. 2d 141, and *Thaxton* v. *Medina City Bd. of Edn.* (1986), 21 Ohio St. 3d 56, 21 OBR 357, 488 N.E. 2d 136.

## VII

In conclusion, the real tragedy of this case is the disenfranchising, for a substantial period of time, of certain public employees who were meant, by the General Assembly in enacting R.C. Chapter 4117, to be protected by the representation and collective bargaining process. We have fostered and perpetuated this unfairness by our decision in *South Community* where I predicted that allowing a public employer to appeal election proceedings would result in repeated delays which very well could cripple the bargaining process.

The case at bar perfectly illustrates my point. Employees, through their chosen union, Professionals Guild of Ohio, filed a petition for a representation election with SERB on *July 15, 1985.* The election was held on October 15, 1985 but, upon appeal to SERB, the election was found not to have been fairly conducted because of certain ac-

tions of MRDD.[7] SERB ordered a rerun election but, instead of complying, MRDD appealed SERB's order. The case has been tied up in the courts ever since—and it is now the fall of *1989,* four years later.

Thus, the employees of MRDD have had no opportunity to vote in a *fair* election in order to decide whether to be represented by Professionals Guild. Such an unwarranted delay infringes on the employees' rights granted them in R.C. 4117.03(A)(1).

Courts should not be unwitting participants in such a travesty and, hopefully, today's decision will put such activities to rest.

Accordingly, this court should dismiss the entire appeal for lack of jurisdiction. Because the majority decision does not do so, I concur in part and dissent in part.

SWEENEY and RESNICK, JJ., concur in the foregoing opinion.

---

[7] MRDD was ordered to provide the Guild with a list of eligible voters. At various times, MRDD provided at least four different lists. One of the lists was provided just forty-five minutes before the election was to take place.

In addition, MRDD distributed anti-union literature to the employees, both during working hours on MRDD property and through the mails. Part of this information and literature is included in the record and conveys the impression that public employees in Ohio could be jailed for participating in a strike authorized pursuant to R.C. Chapter 4117. This is, of course, incorrect.

Staff meetings concerning the issue were held by the employers during work time and on the work premises. At such meetings, anti-union literature was distributed and commentary unfavorable to the union was presented. The union was never given equal access to the employees.

It was for these and other reasons that SERB ordered a rerun election and this part of SERB's order has been affirmed by both the trial court and the court of appeals.

Of course, the rerun election has not yet been held!