**Groveport-Madison Local Educ. Ass'n.**
**v.**
**State Employment Relations Bd.**
*[Cite as 8 AOA 513]*

*Case No. 89AP 1252*
*Franklin County, (10th)*
*Decided November 13, 1990*

*Mark A. Foley and Susan Hayest Kozlowksi, Cloppert, Portman, Sauter, Latanick & Foley, for appellant.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Joseph M. Oser for appellee State Employment Relations Board.*

*G. Frederick Compton, Jr., R. Brent Minney and Patricia A. Hill, Whalen & Compton Co., L.P.A., for appellee Groveport-Madison Local Board of Education.*

**WHITESIDE, J.**

Groveport-Madison Local Education Association ("association") appeals from a judgment of the Franklin County Court of Common Pleas dismissing its appeal from an order of the State Employment Relations Board ("SERB") finding that an anticipated strike by the education association was unauthorized. Groveport-Madison Local Board of Education is a public employer as defined by R.C. 4117.01(B). After bargaining procedures, pursuant to R.C. 4117.14, reached an impasse, the association gave timely notice of its intention to strike. The Groveport-Madison Local Board of Education applied to SERB for a finding that the strike was unauthorized. SERB, after conducting the requisite hearing, found that such strike was unauthorized and issued an order so finding. The association appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12 made applicable to SERB decisions by R.C. 4112.02(M). The common pleas court, however, dismissed the appeal upon the somewhat nebulous grounds that R.C. 4117.23 precluded an appeal. The association has appealed to this court and raises two assignments as follows:

"1. The lower court erred in granting appellees motions to dismiss in that the lower court possessed the requisite jurisdiction to entertain the appeal of the association pursuant to Ohio Revised Code Section 119.12.

"2. The lower court erred in failing to reverse the State Employment Relations Board's determination of unauthorized strike in that such determination was not supported by reliable, probative and substantial evidence and was not in accordance with law."

Considering first the second assignment of error, it is not well-taken regardless of the determination of the first assignment of error if we were to sustain the first assignment of error, it would be necessary to remand the cause to the common pleas court to determine whether SERB's finding is supported by reliable, probative and substantial evidence since that court has not yet made that determination. The common pleas court's determination is a prerequisite to our review, since that court has limited power to weigh the evidence in determining the issue which we do not have. On the other hand, if we find the first assignment of error not to be well-taken, it is irrelevant as to whether SERB's order is supported by reliable, probative and substantial evidence since neither the trial court nor this court would have jurisdiction to consider the issue. Accordingly, the second assignment of error is not well-taken.

· The first assignment of error raises the issue of the right of the appellant association to appeal to the court of common pleas from the order of SERB which, in effect, enjoins the conduct of the contemplated strike by the association.

R.C. 4117.02(M) clearly and expressly provides that:

"Except as otherwise *specifically provided in this section*, the board is subject to Chapter 119 of the Revised Code, including the procedure for submission of proposed rules to the general assembly for legislative review under division (H) of section 119.03 of the Revised Code." (Emphasis added.)

First, it should be noted that the exception is expressly only with respect to other provisions in R.C. 4117.02, indicating a legislative intent that no other section of R.C. Chapter 4117 should be construed to detract from the application of R.C. Chapter 119 to actions of the board. Secondly, the statute provides that the exceptions must be specific rather than implied. In *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, the Supreme Court expressly held by syllabus rule that:

·"The State Employment Relations Board is an 'agency' whose adjudications are made subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M)."

Appellee contends, and the trial court apparently found, that R.C. 4117.23 somehow makes a SERB determination that a strike is not authorized nonappealable. R.C. 4117.23 (A) provides that:

"In the case of a strike that is not authorized in accordance with this chapter, the public employer may notify the state employment relations board of the strike and request the board to determine whether the strike is authorized under Chapter 4117 of the Revised Code. The board shall make its decision within seventy-two hours of receiving the request from the public employer."

Since R.C. 4117.23 sets forth no procedure for the determination of whether a strike is unauthorized, necessarily pursuant to R.C. 4117.02(M), the procedure is that set forth in R.C. 119.06, 119.07 and 119.09. R.C.

119.06 expressly provides that "*** [n]o adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. ***" R.C. 119.01(D) defines adjudication as "*** the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person ***." It would seem undebatable that a determination of whether a strike planned by an employee association is authorized constitutes an adjudication within this definition since obviously such determination is of the rights, duties, privileges and benefits not only of the association and the employees it represents but also of the public employer who sought the determination. Appellees' argument ignores this issue and, instead, focuses upon the language of R.C. 4117.23(B) which defines the effect of a SERB determination that a strike is unauthorized and states in pertinent that:

"(B) If the board determines that the strike is not authorized then the *public employer*:

"(1) May remove or suspend those employees who *** continue to engage in the nonauthorized strike; and

"***

"(3) Shall deduct from each striking employee's wages *** the equivalent of two days' wages for each day the employee remains on strike ***." (Emphasis added.) The section further provides that if an employee is reappointed or reemployed, the employer may impose a sanction that compensation should not be increased from that previously received by the employee until one year after such reappointment or reemployment. The penalty of deduction from wages shall not apply if SERB determines that the public employer provoked the strike.

In other words, the finding of SERB that a strike is unauthorized is the equivalent of an injunction enjoining the union members from engaging or continuing to engage in the strike. The statute provides that the public employer on its own initiative may impose sanctions for violations of this implied injunction. R.C. 4121.23 does, however, provide a remedy from the public employer's action in imposing such sanction for violation of the

SERB order "enjoining" an unauthorized strike by the following provision of R.C. 4117.23(B):

"Any penalty that is imposed upon the employee, except for the penalty imposed under division (B)(3) of this section may be appealed to the board. The board may modify, suspend, or reverse the penalty imposed by the public employer, if the board does not find that the penalties are appropriate to the situation; the imposition of a penalty is appealable to the court."

Clearly, this appeal would be from the second order of the board, determining whether the public employer imposed improper sanctions for a violation of the board order finding the strike to be unauthorized and in effect enjoining commencement or continuation of the strike. R.C. 4117.23 was discussed in the opinion of *South Community, supra,* wherein it stated at pages 226-227:

"*** R.C. 4117.13(D) and 4117.23 does not conflict with R.C. 4117.02(M), but merely set forth those circumstances requiring specific procedures to initiate the right of appeal. ***

"R.C. 4117.23 provides *for an appeal* to the board by an employee *of a penalty imposed* by the employer for an unauthorized strike, and thence to the court. However, this section provides no procedures or standards for such review. *** [T]he issues presented in an appeal by an employee of a penalty in an unauthorized strike procedure, would be considerably more narrow than the general issues of law that might be brought in an R.C. 119.12 appeal." (Emphasis added.)

As indicated by this language, the question of whether the strike, in fact, is unauthorized is *not* an issue for determination in an appeal from a penalty imposed by the public employer for violation of the implied injunction statutorily created by the SERB finding that the strike is unauthorized. Rather, as expressly set forth in R.C. 4117.23, the question is whether "the penalties are appropriate to the situation," not whether the strike was unauthorized. Appropriateness of the penalty is the only issue contemplated to be considered upon a penalty appeal, which is first from the action of the public employer itself to SERB and then from SERB to the court of common pleas pursuant to R.C. 119.12. Accordingly, it is quite that clear that an order of SERB finding a strike to be unau-

thorized is appeal able pursuant to R.C. 119.12. The only possible question is when does the time for such appeal arise.

Although not so articulated, the argument of appellee and the decision of the common pleas court could arguably be construed as a finding that the order is interlocutory rather then final. As held in *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, third paragraph of the syllabus:

"An order of the State Employment Relations Board must comply with R.C. 2505.02 to be appealable." R.C. 2505.02 defines a "final order" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment ***." That a substantial right is affected by an order finding a strike to be unauthorized, can hardly be questioned since the right of public employees to strike when collective bargaining fails is preserved by R.C. Chapter 4117 provided statutory procedures are followed. The second question is whether the finding that a strike is authorized in effect determines the proceeding. It clearly does. As indicated above, the finding that a strike is unauthorized has the effect of an injunction enjoining the commencement or continuation of the strike. Specific penalties are provided by statute for an employee who violates this "injunction" which may be imposed by the public employer without seeking authorization or permission from SERB.

To deny the union and the public employee a right to appeal the finding that the strike is unauthorized, places such public employee and union in the untenable position of being required to obey the "injunction" without any means of seeking judicial review of the underlying finding. Rather, sanctions are automatically imposed if the union or public employee continue or commence the strike after the unauthorized strike finding with the only issue to be determined later being the appropriateness of the penalty imposed for the violation of the injunction.

Necessarily, the finding that the strike is unauthorized, which has the effect of immediate injunction against commencement or continuation of the strike, necessarily determines the proceedings and prevents any further judgment upon that issue. The need for immediate review is obvious, such as it is in the case of a permanent injunction imposed by a court. To require the union and public employee to engage in a type of "Russian roulette" in which they must choose forever to abide by the unauthorized strike finding or risk the imposition of sanctions, is untenable. Clearly, the order is a final order within the contemplation of R.C. 2505.02 and is appeal able pursuant to R.C. 119.12. Accordingly, the first assignment of error is well-taken.

For the foregoing reasons, the first assignment of error is sustained, the second assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

REILLY, P.J., concurs.

MARTIN, J., dissents.

MARTIN, J., of the Fairfield County Common Pleas Court, sitting by assignment in the Tenth Appellate District.

MARTIN, J., dissenting.

In my humble opinion, the ruling relied upon by the majority in this case, that of *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, is distinguishable and should not be applied to the very different facts of this case where the exigencies of time are a definitive factor.

I would hold that SERB correctly found the strike to be unauthorized and that the trial court properly found that R.C. 4117.23 precludes this appeal. Time appears to be of the essence under R.C. 4117.23(A) and, given the ambiguities as to whether an appeal lies under the new law, I would opt for allowing the apparent legislative intent to be put into effect.