[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants, minor children who allege that they were the victims of sexual abuse, appeal the judgment of the Lorain County Court of Common Pleas that granted summary judgment to defendant-appellee, the Lorain Community Action Agency (LCAA), based on sovereign immunity. LCAA cross-appeals. We reverse with respect to the appellants' appeal.
 I.
The appellants are minor children who participated in the Head Start educational program operated by LCAA. They filed two separate actions in the Lorain County Court of Common Pleas alleging that Nancy J. Smith, a Head Start bus driver, and Joseph L. Allen, an acquaintance of Smith, molested the children during a period of time from 1992-1994. The complaints also alleged that LCAA negligently employed and supervised Smith and failed to investigate suspicions of abuse. On March 20, 1997, the trial court consolidated the cases.
On January 15, 1998, LCAA moved for summary judgment, arguing that it was immune from suit pursuant to R.C. 2744.02. The appellants responded in opposition. On November 9, 1998, the trial court concluded that LCAA is a political subdivision and that the acts alleged in the complaints were within the scope of governmental and proprietary functions. Based on these conclusions, the trial court granted summary judgment to LCAA. The appellants separately appealed,[1] and LCAA cross-appealed. Both groups of appellants have raised two assignments of error, which are substantively identical. LCAA has advanced two assignments of error in support of the cross-appeal.
 II.
The appellants' first assignments of error are that the trial court erred by granting summary judgment to LCAA based on the immunity provisions of R.C. 2744.02. Specifically, they have argued that the trial court incorrectly determined that LCAA is a political subdivision as defined by R.C. 2744.01(F). We agree.
R.C. 2744.02(A)(1) establishes a general immunity for political subdivisions from claims arising from "any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." A political subdivision is defined as:
 a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. "Political subdivision" includes, but is not limited to, a county hospital commission appointed under section 339.14 of the Revised Code, regional planning commission created pursuant to section 713.21 of the Revised Code, county planning commission created pursuant to section 713.22 of the Revised Code, joint planning council created pursuant to section 713.231
of the Revised Code, interstate regional planning commission created pursuant to section 713.30 of the Revised Code, port authority created pursuant to section 4582.02 or 4582.26 of the Revised Code or in existence on December 16, 1964, regional council established by political subdivisions pursuant to Chapter 167. of the Revised Code, emergency planning district and joint emergency planning district designated under section 3750.03 of the Revised Code, joint emergency medical services district created pursuant to section 307.052 of the Revised Code, a fire and ambulance district created pursuant to section 505.375 of the Revised Code, joint interstate emergency planning district established by an agreement entered into under that section, county solid waste management district and joint solid waste management district established under section 343.01
or 343.012 of the Revised Code, and a community school established under Chapter 3314. of the Revised Code.
R.C. 2744.01(F). An entity not specifically contemplated by this definition may still be entitled to immunity upon a demonstration that "(1) it is a `body corporate and politic,' (2) it is responsible for a `governmental activity,' and (3) it exercises jurisdiction in an area smaller than the entire state." Weber v.Oriana House, Inc. (Oct. 25, 1995), Summit App. No. 17162, unreported, at 6, citing 1988 Ohio Op.Atty.Gen. No. 88-034.
"A body corporate and politic is a governmental body or public corporation having powers and duties of government. * * * [It is a body] created by the state for political purposes and to act as an agency in the administration of civil government, * * * and usually invested, for that purpose, with subordinate and local powers of legislation." (Emphasis added). Weber, supra, at 7-8, quoting Hamilton Cty. Bd. of Mental Retardation and DevelopmentalDisabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147,150. By definition, a body corporate and politic must be characterized by an agency relationship between a governmental unit and the entity claiming immunity that results in public control of the internal, day-to-day operations of the entity. SeeWeber, supra, at 8. Private corporations are excluded from the definition of a body corporate and politic. Cincinnati Metro.Hous. Auth. v. State Emp. Relations Bd. (1990), 53 Ohio St.3d 221,224. See, also, 1987 Ohio Atty.Gen.Ops. No. 87-024.
LCAA is a nonprofit organization that has been designated as a community action agency pursuant to R.C. 122.69. In order to receive that designation, a nonprofit must be endorsed by two-thirds of the chief elected officials of the municipalities within the area to be served. R.C. 122.69(A). The designation process includes consultation with the chief elected officials of the area served, at least one public meeting for citizen comment, and evaluation of the needs of the proposed service area. R.C. 122.70.1(A). The designation may be rescinded if the chief local officials revoke their endorsement. R.C. 122.70.1(B)(2). Community action agencies receive funds from community block grants for any period of time that the organization provides services designed to have a "measurable and potentially major" impact on poverty-stricken areas, submits an annual program plan and block grant budget, and complies with applicable federal and state requirements with respect to composition of the board of directors, discrimination, participation in political activity, and fiscal policy. R.C. 122.69(B). The duties of the board of directors are governed by R.C. 122.70.
These provisions demonstrate that designation as a "community action agency" is a status conferred upon a nonprofit entity that operates in addition to the entity's existence as a nonprofit corporation: designation as a community action agency does not create an organization, and the continuing existence of the nonprofit entity operates independent of that designation. Although this status is conferred by the state, the organizations themselves cannot be said to be creatures of the state as required by R.C. 2744.01(F). See Weber, supra.
LCAA is a nonprofit organization with the additional designation as a community action agency. It is not an agency created by the state and, accordingly, it is not a political subdivision entitled to the benefit of the immunity provided by R.C. 2744.02. The appellant's first assignment of error is well taken.
 III.
Our disposition of the appellants' first assignments of error renders their second assignments of error, and LCAA's cross-assignments of error, moot. Accordingly, they need not be addressed in this appeal. See App.R. 12(A)(1)(c).
The judgment of the trial court is reversed. This case is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] On January 28, 1999, this court consolidated the appeals.