OPINION
This is an appeal from the judgment of the Seneca County Court of Common Pleas, which reversed the State Personnel Board of Review's decision disaffirming the termination of Appellant, Pamela Siesel (Siesel), as a bus driver for the Seneca County Board of Mental Retardation and Development (MRDD).
Pamela Siesel worked for the MRDD as a licensed commercial bus driver. Each year MRDD would notify Siesel that she was required to attend an annual in-service. Siesel also received a personnel manual, which explained that Siesel was responsible for meeting all in-service requirements. Seneca County offered its in-service in mid-August each year, however, between 1998 and 2000, Siesel was not able to attend the scheduled in-services. As such, MRDD had allowed her to make-up her in-service training by completing other programs.
In 2000, MRDD scheduled its annual in-service for August 16, 2000. As Siesel was not able to attend, MRDD gave her permission to attend another program on August 18, 2000, conducted by Dan Coe. As proof of her attendance at the program, Siesel provided MRDD with a hand-written letter reflecting Coe's signature, which stated that she had attended Coe's program on August 18, 2000. After noticing a discrepancy with the handwriting on the letter provided by Coe for program attendance in 1998 and 1999 and the handwriting on the letter provided for 2000, MRDD contacted Coe to determine whether the letter Siesel provided for the year 2000 was actually written and signed by Coe. Upon reviewing the letter, Coe notified MRDD that Siesel did not attend the August 18, 2000 program and that Coe did not write or sign the letter in question. Later, Siesel admitted that she forged the letter and Coe's signature.
In a letter dated October 16, 2000, MRDD notified Siesel that she was suspended without pay pending a pre-disciplinary conference, which was held on October 25, 2000. On November 9, 2000, Siesel was terminated as a bus driver for the MRDD for failing to observe Ohio Department of MRDD rules, willful disregard of board rules, falsification of board records, making false claims or misrepresentations in an attempt to obtain board benefits, dishonesty and dishonest actions, and failing to comply with certification requirements according to O.A.C. 3301-83-10. Siesel appealed the decision to the State Personnel Board of Review (SPBR) and on May, 1, 2001, the SPBR hearing officer issued a report and recommendation which stated that Siesel had already been punished when she was suspended without pay and, therefore, according to O.A.C. 124-3-05 could not be terminated based on the same grounds. The hearing officer then recommended that Siesel's termination be disaffirmed and that Siesel be reinstated with back pay and benefits. MRDD filed objections, which stated that Siesel did not fulfill the qualifications to retain her licensure and, therefore, could not remain employed by MRDD. On June 5, 2001, the SPBR adopted the hearing officer's report and recommendation. MRDD appealed the SPBR's decision to the Seneca County Common Pleas Court. The Court reversed the SPBR's decision and affirmed Siesel's termination stating that Siesel's termination was not a disciplinary measure, but that the MRDD could not continue to employ Siesel because she did not hold the required credentials to remain employed by MRDD as a bus driver when she failed to complete the required annual in-service.
Siesel now appeals, asserting the four assignments of error, which will be discussed out of order for clarity. Siesel's second and fourth assignments of error assert the following, (2) "The trial court erred in finding that the Seneca County Board of Mental Retardation and Developmental Disabilities was forbidden by law to employ Defendant-appellant." (4) "Defendant-appellant was in compliance with O.A.C. section 3301-83-10(b) at the time of defendant-Appellant's suspension and termination."
SPBR decisions may be appealed by MRDD to the Courts of Common Pleas pursuant to R.C. 119. Hamilton County Board of Mental Retardation andDevelopmental Disabilities v. Professional Guild of Ohio (1989),46 Ohio St.3d 147, 151; see also O.A.C. 124-15-06. R.C. 119.12
provides, "The [trial] court may affirm the order of the agency complained of in the appeal if it finds upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with the law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with the law." See also State ex rel. Fred SteckerLincoln-Mercury, Inc. v. Ohio Motor Vehicle Dealers Bd., et al. (1985),18 Ohio St.3d 391, 396. This court's review of the common pleas court on questions of fact is limited to determining if the common pleas court abused its discretion. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Furthermore, an appellate court does not determine the weight to be given the evidence. See Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. Accordingly, absent an abuse of discretion by the trial court, this court must affirm the trial court's judgment.Pons, supra. On questions of law, however, the common pleas court does not exercise discretion and the court of appeals' review is plenary.Kohl v. Perry County Board of Mental Retardation and DevelopmentalDisabilities (Sept. 29, 1994), Franklin App. No. 94APE01-122.
R.C. 3301.07(J) mandates that the Ohio Board of Education (OBE) adopt procedures for and govern the county MRDDs. The OBE requires all school bus drivers to complete annual in-service training in order to maintain their certification "which includes a minimum of four hours of instruction that must include one or more of the following: 1. School bus and commercial driver license requirements[;] 2. Public and Staff relations[;] 3. Equipment and care, including the operation of all adaptive equipment needed to safely transport pre-school and special needs students[;] 4. Driving the bus[;] 5. Defensive driving[;] 6. Highway/railroad grade crossing safety[;] 7. Pupil management[;] 8. Safety and emergency procedures[;] 9. Use of first aid and blood borne pathogens equipment[;] 10. Transporting the preschool and special needs children [;] 11. Motor vehicle laws and Ohio pupil transportation operation and safety rules[;] 12. Signs, signals and pavement markings[;] 13. Fuel conservation[;] 14. Radio/cellular phone communications[;] 15. Detailed route sheets[.]" O.A.C. 3301-83-10; 3301-83-06.[1] In addition, R.C. 4511.76(C) states "No person shall operate a vehicle used for pupil transportation within this state in violation of the rules of the department of education or the department of public safety." Similarly, R.C. 5126.26 states that "No person shall be employed by a county of board of mental retardation and developmental disabilities if he does not hold the certificate, evidence of registration or license required for the position under the rules of the department or the department of education * * *."[2]
In this case, Siesel was required to complete four hours of in-service annually in the topics listed above in order to maintain her state-required certification. Siesel provided MRDD with a letter dated August 4, 1999, which stated that she had completed her in-service training for 1999. However, Siesel did not provide any evidence, which establishes that she completed her 2000 in-service requirements. Siesel neither attended the Seneca County in-service scheduled for August 16, 2000 nor attended the August 18, 2000 program with Coe. While Siesel argues that she attended a program on August 22, 2000, which meets the requirements, we do not agree that the topics discussed fulfills the requirements in O.A.C. 3301-83-10. The following topics were discussed; annual bloodborne pathogens review, social security information, stress management, financial fitness, back safety and fitness, and SCOC Personnel Policies/Procedures. Siesel was required to complete four hours of at least one of the topics listed in O.A.C. 3301-83-10. Only one topic discussed in the August 22, 2000 in-service, bloodborne pathogens, was listed in the OBE's requirements for in-service training. As the in-service that Siesel attended was a six-hour course at which six different topics were covered. She failed to establish that four hours of the training related to bloodborne pathogens alone. Furthermore, the requirements listed in O.A.C. 3301-83-10 when read together, focus on passenger and bus safety while the program that Siesel attended focused on employee safety and training. Consequently, we cannot find that the trial court abused its discretion in finding that there was substantial evidence in the record to support the conclusion that Siesel's attendance at the August 22, 2000 in-service was not sufficient to satisfy the requirements of O.A.C. 3301-83-10. As Siesel did not complete her in-service as required by the OBE, MRDD could not continue to keep Siesel as a bus driver under the requirements of O.A.C. 3301-83-10, O.A.C.3301-83-06 and R.C. 4511.76(C) regardless of the fact that for the moment, she was still in possession of an unrevoked license under R.C.3327.10(A). Consequently, the trial court did not err in finding that the SPBR's decision to disaffirm MRDD's termination of Siesel was not supported by reliable, probative and substantial evidence, albeit for different reasons cited by the trial court. Consequently, Siesel's second and fourth assignment of error is overruled
Siesel's first assignment of error asserts, "The trial court erred in not limiting its review to solely addressing the findings of the state personnel board of review; namely that Defendant-appellant had already been disciplined and could not subsequently be disciplined again for the same incident pursuant to Ohio Administrative Code Section 124-3-05(B)."
Siesel argues that the trial court should have only reviewed whether the SPBR's decision finding that Siesel was disciplined twice was correct instead of going to the merits of the case. We disagree. In this case, MRDD appealed the SPBR's decision, and as such, the trial court was required to determine whether the SPBR's decision to disaffirm Siesel's termination was supported by reliable, probative, substantial evidence and that the decision was in accordance with the law. Pursuant to R.C.119.12, the trial court determined that the SPBR's decision was not supported by reliable, probative, substantial evidence and also found that the SPBR's decision was wrong as a matter of law. Furthermore, R.C.119.12 also permits the trial court to "reverse, vacate, or modify the order or make such other ruling as is * * * in accordance with the law." As such, the trial court did not err when it performed an independent review of the law.
Furthermore, the trial court's determination that the SPBR misapplied O.A.C. 124-3-05 when it found that Siesel had been disciplined twice for the same conduct was in accordance with the law. Under O.A.C 124-3-05 an employee may not be given a non-oral discipline more than once based on the same set of facts. In this case, however, Siesel was not punished two separate times; rather she was suspended pending an investigation, which resulted in her termination. Consequently, her suspension and termination were but two steps in a single disciplinary process. See Stoneburner v.Civil Service Commission of the City of East Liverpool, Ohio (May 26, 1983), Columbiana App. No. 82-C-21.[3] More importantly, Siesel's termination was, in fact, for a number of transgressions including: failure to observe Ohio Dept. of MRDD rules, willful disregard to MRDD rules, falsification of records, making false claims or misrepresentations in an attempt to obtain benefits, dishonesty and dishonest actions, and failure to comply with certification requirements according to Section 3301-83-10 of the Administrative Code, all of which are supported by reliable probative evidence in the record, and are of which constitute valid grounds for dismissal Consequently, Siesel's first assignment of error is overruled.
Siesel's third assignment of error asserts the following, "Defendant-appellant was never put on notice that the annual four hour in-service was required to be completed prior to the commencement of the academic year. Defendant-appellant was never required to produce a certificate of award for in-service attendance."
Siesel argues that she was never notified that the in-service requirements were to be completed by mid-August. However, in both 1998 and 1999, MRDD sent letters to Siesel which notified her that she could meet the in-service requirements by attending another program. The letters also notified Siesel that she was required to complete the training by the start of the school year. While the letter in 2000 did not explicitly tell Siesel that she must complete the program by mid-August, Siesel was aware that the training must be annual and her last requirements were fulfilled prior to August 4, 1999. Consequently, Siesel was on notice that the in-service completion was required by mid-August. Siesel also argues that she was never required to produce a certificate for attending in-services, however, each year Siesel has been required to provide proof of her attendance at the in-services which would serve as a certificate of completion. Consequently, Siesel's third assignment of error is also overruled.
Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] To remain employed as a bus driver for MRDD, Siesel was also required to complete an additional four hours of in-service training on transporting children with disabilities. O.A.C. 3301-51-10. However, the completion of this requirement is not at issue in this case.
[2] While the trial court relied on R.C. 3327.10(A) to find that MRDD was required to terminate Siesel's employment, we find the use of this provision misplaced in this case, as this provision requires the termination of any person employed as a bus driver who has not received a certificate from the educational service center governing board, which in this case is the North Central Ohio Board of Governors. After a review of the record, we find that Siesel possessed a current certificate from the Board of Governors when she was terminated by MRDD. Moreover, we do not find any evidence that this certificate was ever revoked or not renewed. While R.C. 3327.10(A) is not applicable in this case, we find that R.C. 5126.26 yields the same results.
[3] Furthermore, section 2.11 of the MRDD personnel policy notified Siesel that she would be immediately terminated pending due process for failing to complete the annual required in-service training, which is further evidence that the suspension and termination were not two separate punishments.