DECISION AND JUDGMENT ENTRY
{¶ 1} Dwight Bushong ("Appellant") appeals the judgment of the Adams County Court of Common Pleas issuing a civil stalking protection order ("CSPO") against him pursuant to R.C. 2903.214. He contends the trial court erred when it issued the order, and when it admitted hearsay evidence during the CSPO hearing. Because we find the trial court did not abuse its discretion when it issued the CSPO against the Appellant, and the trial court's failure to strike the testimony in question was harmless error, we affirm the judgment of the trial court. *Page 2 
 I. Facts {¶ 2} On February 21, 2006, the Appellee filed a petition for a CSPO seeking relief on his own behalf. He alleged the following in support of his petition:
 "Dwight Bushong is a diagnosed paranoid schizophrenic for over 20 years, is on many psychotropic meds and has a hx of violent physical confrontations and gun standoffs with police officers (Scioto County). My wife (his ex-wife) has a protective order against that man. Since the protection order (10-5-05) he has written our home (addressed to me) several times, has had his junk mail and medical bills sent to our home, has court hearing for revocation of order — and is trying to get a hand gun (copy of this is in my possession)."
 {¶ 3} On March 3, 2006, the Adams County Court of Common Pleas held a hearing on the matter. During the hearing, the Appellant's attorney objected to certain testimony of the Appellee regarding the Appellant's medical history and an alleged confrontation with law enforcement. The trial court did not strike the aforementioned testimony from the record. At the close of the hearing, the trial court issued the CSPO against the Appellant. The Appellant filed objections to the magistrate's decision on March 20, 2006, which the trial court overruled on August 10, 2006. The Appellant now appeals from this decision, asserting the following assignments of error: *Page 3 
 II. Assignments of Error {¶ 4} 1. THE TRIAL COURT ERRED IN GRANTING A CIVIL STALKING ORDER.
 {¶ 5} 2. THE TRIAL COURT ERRED IN ADMITTING HEARSAY EVIDENCE, AND NOT STRIKING THE SAME FROM CONSIDERATION.
 III. Legal Analysis {¶ 6} In his first assignment of error, the Appellant argues the trial court erred when it granted the CSPO against him. The decision to grant a CSPO is left to a trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion. Smith v.Wunsch (2005), 162 Ohio App.3d 21, 25, 832 N.E.2d 757. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When reviewing a matter under the abuse-of-discretion standard, appellate courts must not substitute their judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason, but instead passion or bias. Wunsch, supra, at 26. *Page 4 
 {¶ 7} A petitioner is entitled to a CSPO if he or she alleges and proves that a respondent harassed her in such a way as to violate Ohio's "menacing by stalking" statute. See R.C. 2903.214(C)(1). This statute prohibits engaging in a pattern of conduct that knowingly causes another person to believe he or she may be in physical harm or causes mental distress to another person. R.C. 2903.211(A)(1). A "pattern of conduct" means two or more actions closely related in time, and "mental distress" means any mental illness or condition that involves "some temporary substantial incapacity" or any mental illness or condition that normally requires "psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." R.C. 2903.211(D)(1) and (2)(a) and (b).
 {¶ 8} The Appellee's wife had received a CSPO against the Appellee prior to the time that Appellee sought a CSPO for himself in the case sub judice. After the Appellee's wife received the CSPO against the Appellant, the Appellant wrote three separate letters to the Appellee at the address shared by the Appellee and his wife, in direct violation of his wife's CSPO. Each letter the Appellant wrote and mailed is considered a separate incident for the purposes of R.C. 2903.211(D)(1). Thus, the Appellant's actions constitute a pattern of conduct under that section. *Page 5 
 {¶ 9} In regard to the mental distress component of R.C. 2903.211, the Appellant claims that a reasonable person would not experience mental distress after receiving the letters he sent to the Appellee. What the Appellant fails to note, however, is that the Appellee's wife had received her CSPO against the Appellant only two to three days prior to the day the Appellee received the first of the letters the Appellant sent. The CSPO expressly forbade him from mailing anything to the Appellee's address. We are mindful of the Appellant's argument that the contents of the letter were fairly innocuous. Nonetheless, given the date on which the first letter was written and the circumstances surrounding the occurrence, the letter itself and those that followed could reasonably be interpreted as an attempt to defy the court's order and cause the Appellee and his wife emotional distress. In view of the fact that we find that the pattern of conduct and emotional distress requirements for the issuance of a CSPO have been met, we do not feel that the trial court abused its discretion when it issued the CSPO in the case sub judice. The Appellant's first assignment of error is therefore without merit.
 {¶ 10} In his second assignment of error, the Appellant contends the trial court erred when it failed to strike certain hearsay evidence introduced by the Appellee. The testimony to which the Appellant refers includes *Page 6 
testimony relating to the Appellant's medical history, trips by the Appellant to the Appellee's personal residence, claimed encounters with law enforcement officials, and other various testimony advanced by the Appellee. Despite the fact that much of the Appellee's testimony meets the definition of hearsay under Evid.R. 801, the only evidence necessary and integral to the trial court's decision to grant the CSPO consists of the three letters the Appellant sent to the Appellee's residence. These letters do not fall under the definition of hearsay. The trial court's decision not to strike the hearsay statements made by the Appellee in the course of the hearing on the CSPO, therefore, may be considered harmless error. The Appellant's second assignment of error is thus overruled.
 {¶ 11} In our view, the trial court did not abuse its discretion when it granted the CSPO against the Appellant, as the Appellee established that the Appellant engaged in pattern of conduct that knowingly caused the Appellee mental distress. Additionally, we find that the trial court's failure to strike the Appellee's hearsay testimony from the record amounted to harmless error. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Kline, J.: Concur in Judgment Only. *Page 1