[Cite as *Todd v. Todd*, 2019-Ohio-1466.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| CORY TODD, | : | Case No. 18CA26 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| DEIDRA TODD, | : | |
| Defendant-Appellee. | : | **RELEASED 04/01/2019** |

_____
<u>APPEARANCES</u>:

William B. Summers, Parkersburg, West Virginia, for appellant.

Joseph H. Nemec and Claire M. Ball, Jr., Ball Law Office, Athens, Ohio, for appellee.
_____
Hess, J.

{¶1} Cory Todd ("father") appeals from the trial court's judgment in a divorce case overruling his objections to a magistrate's decision and adopting the magistrate's recommendations that he be designated the residential and custodial parent of his two minor children but that Deidra Todd ("mother") receive equal parenting time. Father contends the trial court erred in awarding equal parenting time. Because father failed to provide the trial court with a transcript of the final hearing when he filed his objections, our review is limited to determining whether the trial court's application of the law to the factual findings it adopted from the magistrate's decision constituted an abuse of discretion. Having found no abuse of discretion, we affirm the trial court's judgment.

I. FACTS

{¶2} The parties married in 2009 and had two children during the marriage. In 2016, father filed for divorce, and the only disputed issues pertained to the children.

Father requested the designation of residential and custodial parent, permission to relocate to Georgia, and that mother receive parenting time pursuant to local guidelines. Mother requested a shared parenting plan with an alternating weekly schedule. The guardian ad litem did not recommend shared parenting and opined that it was not in the children's best interest to relocate to Georgia. The guardian ad litem recommended that if father moved, mother be designated residential and custodial parent and father receive parenting time pursuant to local guidelines. If father did not move, the guardian ad litem recommended that he be designated the residential and custodial parent and that mother receive parenting time pursuant to local guidelines.

{¶3} After the final hearing, the magistrate issued a decision explaining that the magistrate considered the factors in R.C. 3109.04(F)(1) and R.C. 3109.04(F)(2) and concluded shared parenting was not in the best interest of the children "as the parties are simply unable to communicate and engage in joint decision-making." The magistrate concluded it was in the best of the children to designate father as legal custodian and residential parent on the condition that he not relocate outside of Athens County absent agreement of the parties or a court order. However, the magistrate found that "both parents are capable parents and that it's in the children's best interest to have equal time with each parent" and established a 50/50 parenting time schedule. Father filed objections to the magistrate's decision asserting equal parenting time was not in the best interest of the children based on the factors in R.C. 3109.04(F)(1) and that he should be permitted to relocate to Georgia.

{¶4} In overruling the objections, the trial court explained that father

takes issue with the Magistrate's application of several provisions of Ohio's statutory mandates for determining the best interest of the child.

> Specifically, [he] argues that the Magistrate failed to properly account for the wishes of the children; the children's interpersonal relationships; the children's adjustment to home, school, and family; which parent is more likely to facilitate visitation; child support obligations; and, intent of the parents to relocate outside of Ohio.

It further explained that "[e]ach of [his] arguments rest upon what are clearly disputed facts," but because father failed to provide a transcript of the final hearing, the court adopted the magistrate's findings of fact. The court stated: "Reviewing the Magistrate's legal conclusions in light of those factual findings, the Court finds no error of law. The Decision meticulously considers each of the factors required by R.C. § 3109.04 and arrives at fair and correct conclusions." And after conducting an independent review of the record, the trial court adopted the magistrate's decision.

## II. ASSIGNMENT OF ERROR

{¶5} Father assigns the following error for our review:

> The Appellant believes the Magistrate and, thereafter, the Court made the incorrect determination and abused its discretion in not following the Guardian Ad Litem's recommendations in this matter and awarding the Appellant sole decision making authority and the Appellee only visitation. Furthermore, the Magistrate and thereafter [the] Court * * * abused his discretion ignoring evidence that the Appellant presented that demonstrated that the Appellee was not capable of shared parenting and should not have been given equal parenting time. *See e.g.* Stout v. Bushong, 2008-Ohio-2223 (May 7, 2008)[.]

## III. STANDARD OF REVIEW

{¶6} Father challenges the decision to award equal parenting time. " 'Appellate courts generally review "the propriety of a trial court's determination in a domestic relations case" under the "abuse of discretion" standard.' " *Sarchione-Tookey v. Tookey*, 4th Dist. Athens No. 17CA41, 2018-Ohio-2716, ¶ 21, quoting *Clifford v. Skaggs*, 4th Dist. Gallia No. 17CA6, 2017-Ohio-8597, ¶ 9, quoting *Booth v. Booth*, 44

Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989) (abuse of discretion standard applies to child support, custody, visitation, spousal support, and division of marital property). "Under this highly deferential standard, we must affirm the decision of the trial court unless it is unreasonable, arbitrary, or unconscionable." *Id.* at ¶ 21, citing *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12.

{¶7} The entry father contests is the trial court's judgment overruling his objections to the magistrate's decision and adopting it, but he did not provide the trial court with a transcript of the hearing before the magistrate. On August 2, 2018, the trial court issued its judgment, and on August 27, 2018, father filed his notice of appeal and a request for a transcript of the final hearing. Although the court reporter filed the transcript on October 2, 2018, in *O'Rourke v. O'Rourke*, Athens App. No. 17CA37, 2018-Ohio-4031, we stated:

> It is well-established that appellate courts will not consider evidence that a party did not submit to the trial court. *Babcock v. Welcome*, 4th Dist. Ross No. 11CA3273, 2012-Ohio-5284, ¶ 16. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. In other words, an appellate court is "precluded from considering anything that was not before the trial court when it overruled appellant's objection to the magistrate's decision." *Ragins v. Dains*, 10th Dist. Franklin No. 12AP-124, 2012-Ohio-5089, ¶ 9. When a party objecting to a magistrate's decision does not provide the trial court with a transcript of the magistrate's proceedings, appellate review "is limited to whether the trial court abused its discretion in adopting the [magistrate]'s report." *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). "In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id. Accord Liming v. Damos*, 4th Dist. Athens No. 08CA34, 2009-Ohio-6490, ¶ 17.

(Alteration in original.) *Id.* at ¶ 31.

IV.  Law and Analysis

{¶8}  Father maintains that the trial court erred in adopting the magistrate's decision and awarding equal parenting time.  He argues that considering the best interest factors in R.C. 3109.04(F)(1), "[a]ll of the equities of what was in the best interest of the children seemed to fall on the side of [him] to get the majority of the parenting time – not 50/50 parenting time."  Father complains that the magistrate "ignor[ed] much of the testimony at the final hearing" about mother and her "erratic behavior and parenting abilities [and] choices."  He notes that equal parenting time is contrary to the recommendation of the guardian ad litem and claims the trial court "did nothing to demonstrate why it did not follow" that recommendation.

{¶9}  In a divorce proceeding, R.C. 3109.04 governs the allocation of parental rights and responsibilities and decision to approve a shared parenting plan; however, R.C. 3109.051 governs the decision to grant parenting time to the nonresidential parent if the court has not issued a shared parenting decree.

{¶10}  R.C. 3109.051(A) states:

> If a divorce * * * proceeding involves a child and if the court has not issued a shared parenting decree, the court * * * shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child and includes in the journal its findings of fact and conclusions of law.  Whenever possible, the order or decree permitting the parenting time shall ensure the opportunity for both parents to have frequent and continuing contact with the child, unless frequent and continuing contact by either parent with the child would not be in the best interest of the child.  The court shall include in its final decree a specific schedule of parenting time for that parent.

**{¶11}** Pursuant to R.C. 3109.051(F)(2), "each court of common pleas, by rule, shall adopt standard parenting time guidelines," but courts "shall have discretion to deviate" from these guidelines based on the factors in R.C. 3109.051(D).

**{¶12}** R.C. 3109.051(D) provides that "[i]n determining whether to grant parenting time to a parent pursuant to this section" and "in establishing a specific parenting time" schedule, the court "shall consider" the following factors:

(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity * * *;

(2) The geographical location of the residence of each parent and the distance between those residences * * *;

(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent * * *, as to a specific parenting time * * * schedule, or as to other parenting time * * * matters, the wishes and concerns of the child, as expressed to the court;

(7) The health and safety of the child;

(8) The amount of time that will be available for the child to spend with siblings;

(9) The mental and physical health of all parties;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights * * *;

(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child;

whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

* * *

(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14) Whether either parent has established a residence or is planning to establish a residence outside this state;

* * *

(16) Any other factor in the best interest of the child.[1]

R.C. 3109.051(D).

{¶13} "A trial court need not make explicit reference to these factors provided that it is apparent from the record that the court considered these factors." *Sarchione-Tookey*, 2018-Ohio-2716, at ¶ 32. Although the magistrate and the trial court did not specifically reference R.C. 3109.051(D) in their decisions, father does not raise this issue on appeal. Rather, he encouraged the trial court and this court to consider R.C. 3109.04(F)(1) in evaluating his challenge to the parenting time award and did not address R.C. 3109.051(D).

{¶14} Moreover, the record indicates the trial court considered the R.C. 3109.051(D) factors when analyzing the best interest of the children pursuant to R.C. 3109.04(F)(1) and (F)(2). *See Robinette v. Bryant*, 4th Dist. No. 12CA20, 2013-Ohio-2889, ¶ 40 (rejecting challenge to court's deviation from local parenting time guidelines

---

[1] The omitted factors only apply when the court is determining whether to grant companionship or visitation rights to a person other than a parent.

even though magistrate did not explicitly reference R.C. 3109.051(D) factors in her recommendations where the appellant did not raise the issue and it was "clear that the court considered essentially the same factors when analyzing the best interests of the child under R.C. 3109.04(F)(1)").

**{¶15}** Specifically, the magistrate's decision considers the interaction and interrelationship of the children with their parents, siblings, and others and finds the children are "closely bonded with both parents" and are bonded with the maternal family, including their oldest maternal half-sibling. *See* R.C. 3109.051(D)(1). It notes the parties reside 11 miles apart. *See* R.C. 3109.051(D)(2). It also discusses the fact that the children are in school, that mother is a stay-at-home mom, and that father works 40 hours per week, which is relevant to the available time of the children and parents. *See* R.C. 3109.051(D)(3). The decision notes the children's birthdays. *See* R.C. 3109.051(D)(4). It finds they are "well-adjusted to home and school and are doing well academically and socially." *See* R.C. 3109.051(D)(5). The decision states no in camera interviews of the children were requested or conducted. *See* R.C. 3109.051(D)(6). The decision notes that the guardian ad litem found the residence of each parent to be "safe and appropriate for the children" and that there is no indication the parents or children suffer from any mental or physical health problems. *See* R.C. 3109.051(D)(7); R.C. 3109.051(D)(9). It also considers the fact that the children attend the same school as their oldest half-sibling who lives with mother full-time. *See* R.C. 3109.051(D)(8). The decision finds that both parents are "equally likely to honor and facilitate court-approved parenting time rights" and that there was no testimony about the denial of the right to parenting time in accordance with a court order. *See* R.C.

3109.051(D)(10); R.C. 3109.051(D)(13). Additionally, the decision indicates the parties did not raise an issue of either parent being involved in child abuse or neglect and considers father's desire to relocate to Georgia. *See* R.C. 3109.051(D)(11); R.C. 3109.051(D)(14).

**{¶16}** The trial court's application of the law to the factual findings it adopted from the magistrate's decision did not constitute an abuse of discretion. The magistrate found that "[b]oth parties are fully capable of parenting the children" and that "the children are closely bonded with both parents." Considering these facts and the magistrate's other findings, we cannot conclude the decision to award equal parenting time was unreasonable, arbitrary, or unconscionable.

**{¶17}** Accordingly, we overrule the sole assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Smith, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**