[Cite as *Bosch v. Bosch*, 2021-Ohio-2649.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NICHOLAS BOSCH | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KELLY BOSCH | : | Case No. 21 CA 3 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 13 DR 483


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     August 2, 2021


APPEARANCES:

For Plaintiff-Appellant

AMANDA R. MORRIS
2770 Boice Road, SW
Lancaster, OH  43130

For Defendant-Appellee

ANDREW T. LIPP
123 South Broad Street
Suite 309
Lancaster, OH  43130

For Appellee FCCSEA

JACOB STANG
239 West Main Street

Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Nicholas Bosch, appeals the December 18, 2020 judgment entries of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, denying his motions and awarding attorney fees to Defendant-Appellee, Kelly Bosch.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were married in September 2008, and have two children.  On November 6, 2013, appellant filed a complaint for divorce.  On October 7, 2015, appellee filed a counterclaim.  A judgment entry/decree of divorce/shared parenting decree was filed on March 14, 2016, dissolving the marriage and resolving issues related to child custody, parenting time, and decision making for the children.  On same date, a hearing before a magistrate was held on financial matters.  By decision filed October 19, 2016, the magistrate addressed the financial issues, including imputing income to appellant in the amount of $70,976.28 for child support purposes.  Appellant filed objections.  By judgment entry filed February 14, 2017, the trial court denied the objections and adopted the magistrate's decision "as an Order of the Court."

{¶ 3}   Appellant filed an appeal challenging the imputation of income.  This court affirmed the trial court's decision.  *Bosch v. Bosch,* 5th Dist. Fairfield No. 17-CA-14, 2017-Ohio-7308.

{¶ 4}   On March 3, 2020, appellant filed a motion to dismiss appellee's October 7, 2015 counterclaim, motion to vacate all subsequent orders after the February 14, 2017 judgment entry, motion for reconsideration of the March 14, 2016 judgment entry/decree of divorce/shared parenting decree, the October 19, 2016 magistrate's decision, and the

February 14, 2017 judgment entry, and motion for sanctions for attorney fees and court costs.  On August 12, 2020, appellee filed a motion for attorney fees due to appellant's "baseless motions."  By judgment entries filed December 18, 2020, the trial court denied appellant's motions and granted appellee attorney fees as against appellant in the amount of $1,000.00.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.

{¶ 6}   Assignments of error are as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN FINDING THAT A FINAL APPEALABLE ORDER HAS BEEN FILED."

II

{¶ 8}   "THE TRIAL COURT ERRED IN DENYING THE REMAINDER OF PLAINTIFF-APPELLANT'S MOTION."

III

{¶ 9}   "THE TRIAL COURT ERRED IN AWARDING DEFENDANT ATTORNEY FEES."

I

{¶ 10} In his first assignment of error, appellant claims the trial court erred in finding a final appealable order has been filed.  We disagree.

{¶ 11} R.C. 2505.02(B)(1) states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a

judgment."  "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."  *Hamilton County Board. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio,* 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶ 12} A judgment entry/decree of divorce/shared parenting decree was filed on March 14, 2016, specifically dissolving the marriage and resolving issues related to child custody, parenting time, and decision making for the children.  On same date, a hearing before a magistrate was held on financial matters.  By decision filed October 19, 2016, the magistrate specifically granted each party a divorce from the other party and addressed the financial issues.  Appellant filed objections.  By judgment entry filed February 14, 2017, the trial court analyzed all the objections and denied them, and adopted the magistrate's decision "as an Order of the Court."  All issues were resolved.

{¶ 13} Appellant filed an appeal and never challenged the lack of a final appealable order.  Appellant raised the issue with the trial court almost three years after the final judgment was entered and the appellate decision was filed.  We acknowledge an objection to subject matter jurisdiction may be raised at any time.  *U.S. v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶ 14} App.R. 4 governs appeal as of right, when taken.  Subsections (A)(2) and (B)(5) state the following, respectively:

**(A) Time for Appeal.**

(2) *Appeal from Order That Is Not Final Upon Its Entry.* Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final--such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action--shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final.

**(B) Exceptions.** The following are exceptions to the appeal time period in division (A) of this rule:

(5) *Partial Final Judgment or Order.* If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B).

{¶ 15} The March 14, 2016 judgment entry/decree of divorce/shared parenting decree and the February 14, 2017 judgment entry adopting the magistrate's decision as an order of the court resolved all issues; there was nothing left for the trial court's determination. We agree with the trial court's conclusion in its December 18, 2020 judgment entry, "together [they] became a final appealable order on February 14, 2017" pursuant to App.R. 4 as cited above. Although we concur with the trial court's conclusion

that a final appealable order has been filed, the better practice is to file a final decree of divorce incorporating all of the decisions resolving all of the issues.

{¶ 16} Upon review, we find the trial court did not err in finding a final appealable order has been filed.

{¶ 17} Assignment of Error I is denied.

II

{¶ 18} In his second assignment of error, appellant claims the trial court erred in denying the remainder of his motions.  We disagree.

{¶ 19} In denying the rest of his motions, the trial court found the complained of issues were not raised on direct appeal and therefore were res judicata.  *See* Judgment Entry filed December 18, 2020.  In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."

{¶ 20} In his appellate brief at 10-11, appellant argues he "has been prejudiced in this case by not having the opportunity to appeal the decision of the lower court." Appellant did file an appeal, but only challenged the imputation of income.  Appellant did not assign as error the counterclaim, the denial of his Civ.R. 41 arguments, and the award of attorney fees, although he could have raised the issues on direct appeal; therefore, the trial court is correct, the complained of issues are res judicata.  Appellant challenged the child support order and this court upheld the decision.  Any arguments predicated on the

non-final appealable order argument are without merit.  Appellant has not demonstrated any prejudice.

{¶ 21} Upon review, we find the trial court did not err in denying the remainder of his motions.

{¶ 22} Assignment of Error II is denied.

### III

{¶ 23} In his third assignment of error, appellant claims the trial court erred in awarding appellee attorney fees.  We disagree.

{¶ 24} R.C. 3105.73(B) states the following:

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable.  In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶ 25} Therefore, an award of attorney fees in this instance is within the sound discretion of the trial court.  *Wildman v. Wildman,* 5th Dist. Licking No. 12-CA-21, 2012-

Ohio-5090.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 26} In her August 12, 2020 motion for attorney fees, appellee sought attorney fees to defend appellant's "baseless" motions.  In his memo contra filed August 13, 2020, appellant argued he was "simply trying to protect his rights to visit with his children and to correct a child support order that is not supported by his income."  Visitation was settled via the March 14, 2016 judgment entry/decree of divorce/shared parenting decree signed by appellant.  The child support order was reviewed on direct appeal and upheld.  As found by the trial court, appellant's motions predicated on the lack of a final appealable order that he in fact appealed from were baseless.

{¶ 27} As explained by this court in *Dotts v. Schaefer,* 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-782, ¶ 17:

> While the trial court has discretion in determining the amount of attorney fees, the court must base its decision on evidence showing the reasonableness of the time spent on the matter and the hourly rate.  *Id.*  Where the amount of an attorney's time and work is evident to the trier of fact, an award of attorney fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion.  *Hawk v. Hawk,* 5th Dist. Tuscarawas No. 2002AP040024, 2002-Ohio-4384, ¶ 28.

{¶ 28} In her affidavit filed August 18, 2020, appellee averred she has incurred $1,000.00 worth of attorney fees in defending the motions, four hours billed at an hourly rate of $250.00. In its judgment entry filed December 18, 2020, the trial court determined the attorney fees incurred were reasonable and equitable and ordered appellant to pay appellee $1,000.00. Appellee defended against four separate motions in one filing with multiple arguments thereunder. One thousand dollars is a reasonable amount for the time and work that was required to defend the motions. We agree with the trial court's analysis.

{¶ 29} Upon review, we do not find the trial court abused its discretion in awarding appellee attorney fees.

{¶ 30} Assignment of Error III is denied.

{¶ 31} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.


EEW/db